FREDERICK HALL WHITE *vs.* THE TOWN OF PORTLAND
ET AL.

First Judicial District, Hartford, October Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, HAMERSLEY AND PRENTICE, JS.

A tax debtor is not released from liability merely because the lien for the
tax has expired; if his interest in the land remains unchanged, the tax
warrant may be levied upon it precisely as an execution might be
levied for an ordinary debt. This rule is equally applicable to the col-
lection of a tax properly assessed against "the estate" of a deceased
person, pending its settlement.

[Argued October 6th—decided November 5th, 1896.]

SUIT to restrain the defendants from proceeding to sell
certain real estate claimed to be owned by the plaintiff,
for the non-payment of taxes, brought to the Superior Court
in Middlesex County and tried to the court, *Thayer, J.*,
upon the defendants' demurrer to the complaint; the court
sustained the demurrer, and thereupon the plaintiff amended
his complaint, which was again demurred to, and the demurrer
sustained (*Ralph Wheeler, J.*), and judgment rendered for
the defendants, from which the plaintiff appealed for alleged
errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Edward H. Rogers*, for the appellant (plaintiff).

*Arthur F. Eggleston*, for the appellees (defendants).

ANDREWS, C. J. The record in this case presents a single
question only. It is this: Can a tax lawfully assessed
against the "estate" of a deceased person, be collected by a
levy upon and sale of the land of the estate, more than a year
after the tax is due and payable, there having been no con-
tinuation of a tax lien on the land as is provided by § 3896
of the General Statutes, no other lien having intervened, and
the estate still remaining unsettled?

The tax sought to be collected was laid against "the Estate of Eliza T. White, deceased," pursuant to § 3844 of the General Statutes.   For the purposes of taxation that section makes the estate a "person capable of owning property." *Cornwall* v. *Todd*, 38 Conn. 443, 446.   And so "the estate" is to be treated, in the matter of collecting the tax, as a living person would be treated.   The intent of §§ 3890 and 3896, is not to make a limitation of the time beyond which a tax cannot be collected of a tax debtor, but to fix a time beyond which the tax lien shall not have precedence over other liens.   The tax debtor still remains liable for the tax, and it may be collected from him at any time within the general statute of limitation ; and if his land remains in his ownership unaffected by any incumbrance, the tax warrant may be levied upon it precisely as could an execution for any other debt.

There is no error.

In this opinion the other judges concurred.