## HENRY G. NEWTON *vs.* BERNARD SCHOTT.

Third Judicial District, Bridgeport, April Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Having levied a tax warrant upon certain real estate for one particular tax amounting to only $1.33 and accrued interest, the tax collector advertised and purported to sell the land for the sum total of all the taxes claimed to be due for the nine or ten years last past, which amounted to $67, although the tax deed given the purchaser recited that it was founded upon a tax for $1.33. Certificates of lien had been filed for some of these overdue taxes, amounting to less than $50, but not for others, and the plaintiff, a mortgagee of the property, offered $50 for a release of the land free from all taxes, which was refused by the purchaser at the tax sale. *Held:*—
1. That the levy and sale as made failed to meet the requirements of

General Statutes, § 2399, and, with the deed based thereon, were of no validity against the plaintiff, since some at least of the underlying claims for taxes were not incumbrances upon the property which the plaintiff was bound to redeem; and therefore to force him to do so would put him to a greater expense in redeeming the property than he would have been put to had it been levied upon and sold in all respects according to law.

2. That upon the facts disclosed by the record it was not within the power of this court to determine how many of these taxes were proper charges against the plaintiff.

3. That General Statutes, § 2396, in respect to the duration of a tax lien, was not intended to limit the time within which a tax must be collected of the tax debtor, but to fix a time beyond which the tax should not have precedence over other liens.

General Statutes, § 2399, provides, among other things, that any person interested in real estate which is sold for the nonpayment of taxes may, within one year thereafter, pay or tender to the purchaser the amount paid by him with interest thereon at twelve per cent. and thus, in effect, redeem the property. *Held* that the plaintiff was not bound to comply with this provision in order to obtain relief against proceedings which, as to him, were illegal and void; especially as his suit to secure his rights was instituted within the year.

Submitted on briefs April 9th—decided June 13th, 1913.

SUIT to set aside a tax levy and sale of real estate and a deed given pursuant thereto, and for other relief, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and judgment reversed.*

*Ward Church,* for the appellant (plaintiff).

*William F. Wrynn,* for the appellee (defendant).

RORABACK, J. The complaint alleges, in substance, that on July 8th, 1911, Emma Archambault was the owner of a piece of land in the town of Wallingford; that the plaintiff on the 8th day of July, 1911, was, and had been some time prior thereto and still is, the owner and holder of a mortgage on this land; that in May, or

June, 1911, Charles F. Drum, as collector of taxes of the town, borough, and central school district of Wallingford, made a pretended levy on this land to secure unpaid taxes said to be due, and on the 8th day of July, 1911, made a pretended sale of the real estate to the defendant to satisfy these claims for taxes.

It is also alleged that on the 10th day of July, 1911, Drum, as such collector, executed and filed in the office of the town clerk of Wallingford a deed of the above-described property to Schott, the defendant; that the amount specified in this deed for which this real estate was sold is much more than the amount of the taxes described in the deed with interest and costs of sale; that the tax collector failed and neglected to make due demand for the payment of these taxes, and failed and neglected to give due notice of this pretended levy and sale; that in one year from and after July 8th, 1911, this deed from the collector may be recorded in the land records of the town and have full effect, and that the plaintiff is ready and willing to pay the defendant the lawful amount paid by him on this sale for the taxes mentioned in the deed, with interest and costs of sale.

It appears from the finding that in 1910 the town, borough, and school district of Wallingford, each had claims for unpaid taxes for about nine years assessed against the land upon which the plaintiff had a mortgage, which taxes amounted to about $67. Certificates of lien were filed for a portion of these taxes, but not for all. The amount of taxes for which certificates were filed was less than $50. The plaintiff offered $50 for a release of the land free from all taxes, which offer was refused.

The collector of taxes for these different communities in May, 1911, made a levy upon this real estate for the taxes due each municipality on the lists of 1910

only.   He gave notice that he would sell this land for all the taxes and charges thereon due the town, borough, and school district, which amounted to $67.16.

In July, 1911, in pursuance of his levy, the collector offered for sale to the defendant, and undertook to sell to him, the entire real estate for $70.   At the time of this sale the actual market value of the land was not more than $75.   The total expense of making the sale was $25.92 which, together with all the taxes due, amounted to $93.08.   The deed given by the tax collector to the defendant recites that "whereas the town of Wallingford did on the 11th day of October, 1910, lay a tax of seven (7) mills on the dollar on its grand list next to be perfected, a rate bill for which in all respects made out according to law with a warrant thereto attached was placed in my hands, . . . thereupon on the 6th day of May, 1911, I levied upon the parcel of real estate hereinafter described for the amount of said tax which was assessed thereon, to wit: $1.33 and accrued interest, and on the 8th day of July, 1911, no one having previously tendered me the tax with interest and my fees, in pursuance of said levy and in accordance with the terms of said notice, I sold at public auction the whole of said real estate . . . to Bernard Schott of said town of Wallingford . . . for the amount due, viz: $93.08, being the amount of the tax levied for with interest and my fees, for the sum of $70, that being the highest bid for this said estate."

Therefore it appears that the collector levied upon this property for one particular tax due the town, borough, and school district, but in advertising to sell, and in making the sale at public auction, he attempted to sell the land for the aggregate amount of all the taxes claimed to be due these different communities, from the year 1900 to the date of the levy.

The deed which the collector gave to the defendant

recited that it was founded on a tax of $1.33 due the town of Wallingford on an assessment made on the grand list of the town in October, 1910.

Such a sale does not meet the requirements of the statute, § 2399, which provides that in the levy of a tax warrant on real estate, duplicate notices must be prepared "containing the name of the taxpayer, the amount of the tax, a description of the property levied upon, and the time and place of the sale, one of which he [the collector] shall post on that signpost in the town where the land to be sold is situated, which is nearest to said land, and the other he shall file in the town clerk's office of said town, which posting and filing shall be done not more than ten and not less than nine weeks before the time of sale, and shall constitute a legal levy of said warrant upon the real estate therein referred to. He shall also publish a similar notice for three successive weeks, at least once a week, in a newspaper published in said town, if any there be; otherwise in a newspaper published in the county, beginning not more than ten and not less than nine weeks before the time of sale. He shall also send by mail, postage prepaid, to the delinquent taxpayer and to each mortgagee, lien holder, and other record incumbrancer, whose interest in said property will be affected by said sale, a similar notice at least four weeks before said sale, addressed to his place of residence, if known to the collector, otherwise to his place of residence as given in the records of said town."

The fact that a sale of the land was made in the manner indicated rendered this sale and deed void, notwithstanding the curative provisions of § 2401 of the General Statutes, which states that "any deed, or the certified copy of the record of any deed, purporting to be executed by a tax collector and similar, or, *mutatis mutandis*, in substance similar, to the above,

shall be *prima facie* evidence of a valid and unincumbered title in the grantee to the premises therein purported to be conveyed, and of the existence and regularity of all votes and acts necessary to the validity of the tax therein referred to, as the same was assessed, and of the levy and sale therefor, and no tax collector shall be required to make return upon his warrant of his doings thereunder. No act done or omitted, relative to the assessment or collection of a tax, including everything connected therewith, after the vote of the community laying the same, up to and including the final collection thereof or sale of property therefor, shall in any way affect or impair the validity of such tax as assessed, collected, or sought to be collected, or the validity of said sale, unless the person contesting such validity shall show that such act done or omitted caused said tax to be greater than it would have been had a tax of the same per cent. in favor of said community been in all respects legally assessed against the taxpayer, or did or would have put him to a greater expense in redeeming the property sold than if the same had been sold in all respects according to law."

The defendant contends that the sum of $93.08, mentioned in the deed, represents the amount of all these taxes with interest and cost of collection, which amount the plaintiff should pay to redeem the land in which he has an interest. It does not follow that the plaintiff, a mortgagee, was obligated to pay such an amount to redeem this property. Certificates of lien had been filed for some of these taxes, but not all of them. Some of these claims were incumbrances upon the real estate, and others were not. The plaintiff was not bound to redeem for taxes that were invalid as a lien against the property in which he was interested. To compel him to do this would be to "put him to a greater expense in redeeming the property sold than

if the same had been sold in all respects according to law."

Upon the facts disclosed by the record, it is not within the power of this court to determine how many of these taxes should be charged against the plaintiff. It is clear that some of them must be invalid for this purpose. Under § 2396 of the General Statutes a tax lien exists "from the first day of October in the year previous to that in which said taxes become due until one year after said taxes become due." The intent of § 2396 is not to make a limitation of the time beyond which a tax cannot be collected of a tax debtor, but to fix a time beyond which the tax lien shall not have precedence over other liens. *White* v. *Portland*, 68 Conn. 293, 294, 36 Atl. 46.

The defendant contends, and the trial court has found, that the plaintiff is not entitled to any relief because he has failed to comply with the provisions of § 2399 of the General Statutes, in that within one year from the date of the sale made for all the taxes he did not pay or tender to the defendant the amount so paid by him to the collector, with twelve per cent. interest. In other words, it is claimed that the collector of taxes having in his hands for collection unpaid taxes for a number of different years for three different communities, some of which were legal and some invalid, as against the plaintiff, can enforce the payment of the illegal taxes by taking proceedings to collect the legal ones; and that the plaintiff can only protect his interest in the property by paying a sum of money which the collector has no right to collect. We cannot approve of such a proposition, particularly in a case like the present one, where the party interested in the property brings a suit within one year to obtain his rights.

There is error, the judgment of the Court of Common

Pleas is reversed, and the cause remanded with direction to render judgment for the plaintiff that the sale in question be set aside and said deed cancelled.

In this opinion the other judges concurred.