THE RIVER FELDSPAR & MILLING COMPANY *vs.* FREDERICK L. PHELPS ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued February 4th—decided April 7th, 1936.

*William M. Harney,* for the appellant (plaintiff).

*Don Cambria,* for the appellees (defendants).

BANKS, J.   The complaint alleges that the defendant Phelps, as tax collector of the city of Middletown, levied upon and sold for taxes to the other defendants, The Middlesex Waste & Metal Company and Sol Oster, certain property of the plaintiff, that the sale was illegal in that a portion of the taxes for which the property was sold was not due and payable, that the collector retained from the proceeds of the sale an amount in excess of that justly due, that all of the taxable property was sold when the sale of a small portion of it would have satisfied the claim, that the sale was for a grossly inadequate consideration, and asks damages and that the bill of sale be delivered up for cancellation.

The property sold consisted of certain buildings, machinery and equipment which were assessed on the lists of 1930 and 1931 as the property of the Karmack Co., Inc., and title to which later vested in the plaintiff. On March 30th, 1931, defendant Phelps received a tax warrant for the collection of the tax on the list of 1930. On September 17th, 1931, the tax not having been paid, he delivered an alias warrant to a constable, who made demand for the tax, and on September 24th, 1931, levied on the property, took it into his possession and advertised a sale of it. At the request of the plaintiff the sale was indefinitely postponed. On February 10th, 1932, a demand was made upon the Karmack Co., Inc., and upon the plaintiff for the tax on the 1930 list and also for a tax on the 1931 list, under a supplemental alias warrant delivered on that day by the collector to the constable, and on February 15th, 1932, the constable advertised a sale of the property to be held February 29th, 1932, of which the plaintiff had notice.

The constable, having been taken ill, deputized the defendant Phelps to conduct the sale, which he did, selling the entire property to the defendants The Middlesex Waste & Metal Co. and Sol Oster for $900 which was the highest bid he could obtain. At the sale Phelps announced that the amount sought to be realized was $487, with fees and cost of sale, which sum covered both the taxes due on the list of 1930 and those claimed on the list of 1931. Phelps tried to get bids upon single items of the property but was unable to get a bid upon any single item or combination of items and thereupon offered for sale the entire property. At the time of the sale the common council of the city of Middletown, the body charged with the setting of the tax rate for the list of 1931, had not set such rate, and Phelps, as tax collector, did not receive

the warrant authorizing him to collect taxes on the 1931 list until March 29th, 1932, a month after the sale. The property had not been in use for two years and had depreciated in value and was rapidly depreciating, but the court made no finding as to its actual value at the time of the sale. Phelps withheld from the $900 received from the sale $535.23, of which $274.47 was the amount of the taxes, interest and penalties, upon the list of 1930, $212.43 the amount of the taxes on the list of 1931, and the balance fees and disbursements, and paid the rest of the $900 to the plaintiff's attorney. Plaintiff allowed the sale to be made under the impression that it would have a period in which to redeem after the sale.

The trial court held that the sale upon the alias warrant issued on account of the taxes on the list of 1930 was legal and the title conveyed was good, that a lien existed upon the property in favor of the city from October 1st, 1931, and that the inclusion of the tax upon the list of that year in the sale was proper in the protection of the rights of the city.

The property of the plaintiff which was levied upon and sold under these alias tax warrants was all personal property. In holding that a lien existed upon it in favor of the city from October 1st, 1931, the trial court apparently had in mind the provision of § 1233 of the General Statutes that the interest of any person in real estate which has been legally set in his list shall be subject to a lien for the taxes laid upon it from the first day of October, or other assessment date of the municipality, as the case may be, in the year previous to that in which such tax shall have become due. The statutes contain no similar provision in the case of a tax laid upon personal property. Such taxes may be collected by levy under §§ 1225 and 1232 of the General Statutes, or by action as for the recovery of a

debt under § 1231, but the property assessed is not subject to lien prior to the institution of such proceedings to enforce the collection of the tax. *Phillips* v. *Sturm*, 91 Conn. 331, 336, 99 Atl. 689; 3 Cooley, Taxation (4th Ed.) § 1233. The constable levied upon the property and took it into his possession on September 17th, 1931, under an alias warrant for the collection of the taxes due on the list of 1930. This action created no lien upon the property for the taxes on the list of 1931 which had not then been laid. A supplemental alias warrant was issued by the collector on February 10th, 1932, commanding the collection of the taxes levied upon the property upon the list of 1930 and the list of 1931, it being stated in the warrant that the latter were due and payable "on demand." The tax rate upon that list had not then been determined and of necessity the collector had not then received a warrant authorizing him to collect the taxes on that list. Section 1232 of the General Statutes authorized the issue of an alias tax warrant "upon the nonpayment of any property or personal tax when due, demand having been made therefor as prescribed by law for the collection of such tax." Quite obviously the tax upon the list of 1931 could not be due and payable before the amount of the tax had been determined by the proper authorities. The supplemental alias warrant afforded no justification for the sale of the plaintiff's property for the purpose of enforcing the collection of taxes assessed upon the property on the list of 1931.

In probably a majority of other jurisdictions it has been held that, in the case of the sale of land for taxes, if the amount of the taxes for which it is sold exceeds the amount legally due, the sale is void in toto. See annotation in 97 A. L. R. 842. It is said that this follows from the manifest impossibility of saving the sale in part when the invalidity extends to the whole, the

presumption being that, when a sale has been made for a sum in part illegal, some undefined and undefinable portion of the land has gone to satisfy an illegal demand, and that such part would not have been sold at all if only what was lawful had been called for. 3 Cooley, Taxation (4th Ed.) § 1388.

The tax on the list of 1930 was due and unpaid, and so far as appears the supplemental alias warrant conferred upon the defendant Phelps authority to sell so much of the property as was necessary to realize the amount of that tax with interest and expenses. The court has found that Phelps, though he endeavored to do so, was unable to get any bid upon any single item or combination of items. It therefore became necessary to sell the property as a whole, and it does not appear that he sold any more property than was necessary under the circumstances to realize a sum sufficient to pay the taxes on the list of 1930. Nor may it be assumed that the announcement at the sale of the amount sought to be realized to cover the taxes claimed to be due prevented the receipt of bids for the single items which were offered for sale. It is apparent that the attempt of the collector to include the taxes on the list of 1931 in the amount sought to be realized upon the sale did not affect the result of the sale. It therefore definitely appears that no portion of the property has gone to satisfy an illegal demand, and that none was sold that would not have been sold had only the taxes which were lawfully due been called for. The sale was not invalid because of the attempted inclusion of the taxes upon the list of 1931.

In *Newton* v. *Schott,* 87 Conn. 142, 87 Atl. 271, cited by the plaintiff, the tax collector having levied a tax warrant upon certain real estate for the taxes for one year sold it for the sum total of all the taxes claimed

to be due for nine or ten years. The sale was held to be of no validity as against the plaintiff, a mortgagee, since some of the underlying claims for taxes were not incumbrances upon the property which he was bound to redeem, and it was held that to force him to do so would put him to greater expense in redeeming the property than if it had been levied upon and sold in all respects according to law. The property here involved is personalty and there is no question involved as to the rights of a mortgagee of real estate to redeem from taxes which were not an incumbrance on the property.

Inadequacy of the price paid, if it could be considered as affecting the validity of the sale, cannot be relied on by the plaintiff since the true value of the property sold is not found by the court. The sale was a legal one and conveyed a good title to the purchasers. Since, however, the taxes upon the list of 1931 were not then due and payable the collector had no right to retain any portion of the amount realized beyond what was sufficient to cover the taxes upon the list of 1930, with proper fees and disbursements. It is true that it appears not to be disputed that the amount retained by the collector to cover taxes of the plaintiff on the list of 1931 is the amount of taxes which he was later authorized to collect upon the list of that year. But since these taxes were not due and payable at the time of the sale the collector was not justified in retaining them from the proceeds of the sale and the city must be relegated, for their collection, to procedure under the appropriate statutory provision to that end. He was not justified in retaining them upon the theory that the plaintiff has not been harmed since the city has only got the tax to which it is entitled (*Adams* v. *Castle*, 30 Conn. 404), for the plaintiff was not the owner of this property upon the

assessment date and was not liable in personam for the payment of the taxes on either list.

There is error and the case is remanded with direction to enter judgment in favor of the plaintiff against the defendant Phelps for the amount retained by him from the proceeds of the sale on account of the taxes on the list of 1931.

In this opinion the other judges concurred, except MALTBIE, C. J., who dissented.