[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, who are Florida residents, are the owners of certain commercial real estate located at No. 1687 Boston Post road, Old Saybrook. The property is leased to The Whitehouse Restaurant, Ltd., as to which the plaintiffs have no ownership interest or affiliation. The lease between the plaintiffs and Whitehouse requires the latter to pay a portion of the annual property taxes due the defendant-Town and its tax collector who is also a named defendant.
As of May 31, 1994, the plaintiffs had neglected and refused to pay real estate taxes assessed as to the subject property based on the lists of October 1, 1989 through October 1, 1992; and aggregated taxes for the period were due and unpaid in the amount of almost $40,000 plus interest and penalties applicable thereto.
On May 31, 1994, the defendant-tax collector gave notice that she would, on August 6, 1994, sell the plaintiffs' property at a tax sale to be conducted pursuant to the authority of Sec. 12-157 of the Connecticut General Statutes.
On July 26, 1994, the plaintiffs, without notice to the defendants, successfully applied for the issuance of an ex parte temporary restraining order. The order, which was issued by the Superior Court for the Middlesex Judicial District (Higgins, J.), on July 28, 1994, enjoined the defendants from holding the scheduled tax sale. That order along with the plaintiffs' application for an order to show cause why a temporary injunction should not issue was thereafter served upon the defendants.
A hearing on the show cause order was held on August 8, 1994, two days after the previously scheduled, but CT Page 8532 cancelled, tax sale. The gravamen of the plaintiffs' complaint is that the tax sale statute (Sec. 12-157) is unconstitutionally vague and violates due process of law standards to the irreparable detriment of the plaintiffs. The August 8 hearing consisted of oral arguments by the parties on the constitutionality issues raised by the plaintiffs, there being no real dispute as to the underlying facts. Each side filed a memorandum of law in support of the claims advanced.
Sec. 12-157 and its predecessor statutes (e.g., Sec. 3893, Conn. Gen. Stat., Rev. 1888) have been the law of this state for more than a century. Regardless of its history, however, like other validly enacted statutes it enjoys "a strong presumption of constitutionality," rendering it, absent compelling and countervailing reason, "improvident for the court to invalidate [it] on its face."Calfee v. Usman, 224 Conn. 29, 33 (1992). For these reasons the constitutional challenger must sustain the heavy burden of establishing the statute's unconstitutionality beyond a reasonable doubt. Bartholomew v. Schweizer,217 Conn. 671, 675 (1991); and where the action seeks in equity to enjoin the collection of a tax, only in extreme cases should the court act favorably. Hartford v. FaithCenter, Inc., 196 Conn. 487, 492-93 (1985).
When equitable injunctive relief is sought, "it is incumbent upon the [petitioner] to allege facts showing irreparable damage and the lack of an adequate remedy at law." Stocker v. Waterbury, 154 Conn. 446, 449 (1967). In this connection it is important to note that Sec.12-157 does not convey immediate title to the successful bidder. Instead, a deed is prepared and held, unrecorded, by the town clerk of the municipality for a period of one year. During that period the property owner may redeem his interest by tendering to the purchaser of the property the purchase price paid plus interest in an amount no more than that charged in the case of delinquent taxes. See Sec. 12-145, Conn. Gen. Stat.
In the context of other remedies available, if the property owner was unlawfully charged a greater tax than he should have been required to pay, or there are shown to be notice deficiencies or other defined irregularities, such owner may challenge the proceedings by an action to CT Page 8533 set aside the tax levy and sale of the real estate. Sec.12-159, Conn. Gen. Stat.; Newton v. Schott, 87 Conn. 142,148 (1913). Such judicial remedy is in addition to appeal procedures available to the property owner in the case of wrongful assessment (Sec. 12-119) and decisions of municipal tax review boards (Sec. 12-118); Farmington v. Dowling,26 Conn. App. 545, 549-50 (1992).
This court is not persuaded that "the extraordinary power of injunction should . . . be exercised. . . . [To do so] would interrupt the collection of taxes, one of the most important attributes of the sovereign power, one of its most vital functions. . . . [There] is [, moreover,] no irreparable mischief; there is no wrong about to be done, no injury about to be inflicted, for which the law will not afford ample redress." Arnold v. Middletown,39 Conn. 401, 406 (1872). In short, the plaintiffs have failed to sustain their burden in these proceedings, and, accordingly, the temporary restraining order is dissolved and their application for a temporary injunction is denied.
GAFFNEY, J.