TOWN OF WEST HAVEN *vs.* HUBERT H. S. AIMES.

TOWN OF WEST HAVEN ET AL. *vs.* HUBERT H. S. AIMES
ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and CORNELL, Js.

Argued November 3d, 1937—decided January 5th, 1938.

*Robert J. Woodruff,* for the appellants (defendants).

*Leon M. Gabriel,* with whom were *Walton E. Cronan,* and, on the brief, *William L. Larash,* for the appellees (plaintiffs).

AVERY, J.   These two actions were brought under the authority of General Statutes, § 1231, to recover unpaid taxes. They involve similar issues, the two actions were tried together, and from judgments in favor of the plaintiffs the defendants have appealed.  The facts found by the court may be summarized as follows: The suits were brought by the town of West Haven, the West Haven School District and Robert F. Sylvester, who was tax collector for both the town and the school district, as plaintiffs, to recover taxes on the assessments on defendants' properties for the years 1929 to 1934 inclusive.  The boundaries of the town and school district are coterminous.  In each of these years the defendant Hubert H. S. Aimes submitted to the assessors of the town an assessment list of the properties owned by him in the town and also a separate list of properties owned by him and his wife, Eloise Aimes. These lists were signed by Mr. Aimes and sworn to by him.  Upon the basis of these lists the properties were assessed in each of these years.  Of the assessments in the name of Mr. Aimes, he paid a part of the tax for the year 1929 and he has paid none of the taxes for the subsequent years.  Upon the property assessed in

his name and that of his wife taxes have been paid in full for the years 1929, 1930 and 1931, but nothing for the three subsequent years.

In the tax list of Mr. Aimes for the years 1929, 1930 and 1931 was included a piece of property, No. 75 Ocean Avenue, which was not owned by him alone but by him and his wife, and this property was assessed at $15,890. On December 29th, 1932, after the list in the name of Aimes and also the list in his name and that of his wife were signed and sworn to, the town assessors, by a certificate of error, removed the item 75 Ocean Avenue from his lists of 1929, 1930 and 1931, and added the item to the assessment lists of Aimes and his wife for those years thereby reducing the total of his individual assessment lists for those years by $15,890 and increasing the assessment list of property owned by him and his wife by the same amount. The amount of taxes for each year due under the allegations of the complaint were computed upon a combined tax rate for the town and district of 18 mills, whereas at the trial it appeared that the combined tax rate was less than 18 mills. It also appeared at the trial that the assessment list of Mr. Aimes for the year 1929 included certain cottages assessed at $37,165; and all of his lists included a boat house lot assessed at $1800. At the trial, by agreement of counsel, these two items were omitted and judgments were rendered for the amounts due under the tax rate actually levied on property actually owned by the defendants in each of the years with interest as provided by General Statutes, § 1217, as amended by Cumulative Supplement, 1935, § 380c.

In this appeal the appellants have attempted to raise numerous claims, many of which were not made before the trial court. We consider only such claims as appear to have been made in the trial court and these

amount, in substance, to four claims of law and a ruling on evidence.

The assessors transferred the item No. 75 Ocean Avenue from Mr. Aimes' individual list to the list of Aimes and his wife for the years 1929, 1930, and 1931 after the full amount of taxes assessed upon the combined lists had been paid. Our statutes provide that any interest in real estate listed for taxation shall be set by the assessors in the list of the party in whose name the title of such interest shall stand on the land records of the town. General Statutes, § 1143, Cum. Sup. 1935, § 364c. It is the duty of all owners of real estate to file with the assessors lists of their taxable property. General Statutes, §§ 1126, 1127. This obligation is personal to each taxpayer. *Whalen* v. *Gleeson,* 81 Conn. 638, 644, 71 Atl. 908. That necessarily implies that the property shall be listed in the name of the true owner. The husband may under the statute file a tax list of his wife's property provided he makes an oath in addition to that ordinarily required. General Statutes, § 1134. Mr. Aimes made out, signed and swore to the list of property in his name and the name of his wife and himself for each of the three years in question, and the taxes upon the properties so listed were paid in full. Mrs. Aimes filed no list in any of these years on her own behalf. The conclusion is inescapable that Mrs. Aimes constituted her husband her agent for the purpose of filing tax lists upon real estate which they owned together. If he, as her agent, by mistake or intention listed the property as belonging to himself individually when in fact it belonged to them both, she cannot avoid responsibility for his acts. *Ely* v. *Parsons,* 55 Conn. 83, 101, 10 Atl. 499; *Water Commissioners* v. *Robbins,* 82 Conn. 623, 638, 74 Atl. 938; *Honaker* v. *Board of Education,* 42 W. Va. 170, 177, 24 S. E. 544; *Fifth Avenue*

*Bank* v. *Forty-Second St. and G. S. F. R. Co.,* 137 N. Y. 231, 241, 33 N. E. 378; 2 Mechem, Agency (2d Ed.) § 1984. The mistake in the assessment was brought about by the act of Mrs. Aimes' agent but not by any error upon the part of the taxing authority. It would be unjust for a property owner to escape taxation because by an act of his agent the property was listed as belonging to the agent rather than to the true owner.

The validating act of 1931 provided that "all assessment lists in which any omission or mistake has been made may, at any time, be corrected by the assessors or board of relief." General Statutes, Cum. Sup. 1931, p. 274. It was under the provisions of this act that the assessors undoubtedly made the transfer of the property. The defendants do not claim that they did not receive notice of the transfer, or that they were deprived of an opportunity to seek relief against an over-valuation or excessive valuation under the provisions of §§ 1194 to 1200 of the General Statutes or those of § 1201 of the General Statutes then in effect. Whatever limitations there may be upon the exercise of the broad authority conferred upon the assessors and boards of relief by the act, for the assessors to place in the list of the true owner property which, by reason of his acts or those of his agent, has been wrongly listed is well within its meaning and import. In such a case an objection to the acts of the assessors in so doing can only be grounded upon the illegal listing of the property by the owner and in the absence of circumstances other than such as appear in this case he is not in a position to complain. To do so, is in effect to ask the court to put its stamp of approval upon his own illegal act. We cannot find error in the conclusion of the trial court that the assessors had authority to remove the property in question from the

tax list of Mr. Aimes individually and place it upon the list of Aimes and his wife for the three years in question.

The claim of the defendants that there was a misjoinder of parties, was not made while issue was being joined or during the trial of the case but was first raised by the defendants in brief before the trial court. Practice Book, § 65, provides that the exclusive remedy for misjoinder of parties is by motion. *Montgomery* v. *Branford*, 107 Conn. 697, 700, 142 Atl. 574. The claim of variance between the amount of the tax alleged and that in fact laid is without merit. Practice Book, § 96. Ordinarily, time, place, quantity and value are not material. *Plumb* v. *Griffin*, 74 Conn. 132, 136, 50 Atl. 1. The other claims of variance by the appellants are not such as would materially affect the judgment. The claim that the rate of interest should be computed at 6 per cent. requires little discussion. General Statutes, § 1217, as amended by Cumulative Supplement, 1935, § 380c, fixes the rate of interest to be paid on unpaid taxes. The fact that the present action is brought under authority of General Statutes, § 1231, permitting the collection of the taxes by a suit as a debt does not affect the amount of tax or the rate of interest to be computed thereon.

At the trial the defendants attempted to offer evidence as to the valuation of various pieces of the defendants' real estate for the purpose of showing that the valuation placed thereon by the assessors was unreasonable. This evidence was objected to and excluded by the court. In this there was no error. Our statutes provide two methods by which a taxpayer claiming to be aggrieved by the action of the assessors in over-valuing his property may seek relief. He may appeal to the board of relief and, if not satisfied with its action, to the Superior Court; General Stat-

utes, §§ 1194-1200; or he may bring an application to the Superior Court under the provisions of Cumulative Supplement, 1935, § 375c. He cannot, in an action to collect the tax, contest the valuation placed upon his property. *Western Union Tel. Co.* v. *Missouri ex rel. Gottlieb*, 190 U. S. 412, 427, 23 Sup. Ct. 730; *Pittsburgh, R. & St. L. Ry. Co.* v. *Backus*, 154 U. S. 421, 435, 14 Sup. Ct. 1114; *Maish* v. *Arizona*, 164 U. S. 599, 611, 17 Sup. Ct. 193; 61 C. J. § 1390.

The trial court entered judgment in each of the above cases for the plaintiffs jointly. The judgment was joint, whereas the rights of the town and of the school district are separate and several. The judgment should state the amount due the town and the amount due the district, respectively, with interest in each case and should be for a specific sum due each of these parties with interest.

There is error in the form of the judgment only and the cause is remanded to the Superior Court with direction to enter judgment for the amount due each of the parties with interest.

In this opinion the other judges concurred.