### David A. McKinney et al. *v.* The Town of Coventry et al.

Superior Court      Tolland County      File No. 15417

Memorandum filed December 20, 1974

*Kahan, Kerensky & Capossela,* for the plaintiffs.

*Schwebel & Hall,* for the defendants.

Sidor, J. On December 28, 1972, the plaintiffs executed a warranty deed of three tracts of land in Coventry to the Lorco Corporation. When the deed was presented for recording, the town clerk refused to accept the deed unless an additional conveyance tax for $27,450 was paid prior to recording. The town clerk claimed that the conveyed property was classified as farm land and that, pursuant to General Statutes §§ 12-504a to 12-504f, the additional conveyance tax had to be paid. The plaintiffs paid the tax under protest and, thereafter, petitioned the Coventry board of tax review under General Statutes § 12-504d. The board of tax review, in effect,

denied the petition for a change in the rate of taxation and replied that it does not have the right to pass on the constitutionality of General Statutes §§ 12-504a to 12-504f.

Thereafter, the plaintiffs brought this action attacking the constitutionality of §§ 12-504a to 12-504f on many grounds. The defendants filed an answer and two special defenses. The plaintiffs' demurrer is addressed to the first special defense which alleges: "The Defendants plead that the Plaintiffs failed to prosecute their appeal to the Court of Common Pleas as required by Section 12-118 of the Connecticut General Statutes and therefore have failed to exhaust their administrative remedies." The file indicates that a plea in abatement and motion to expunge addressed to the complaint have already been passed on by the court.

The issue before the court raised by the attack by demurrer is: "Are Plaintiffs required by Section 12-118 of the Connecticut General Statutes to pursue an appeal from the Board of Tax Review to the Court of Common Pleas and thereby exhaust their administrative remedies when the Plaintiffs challenge the constitutionality of a statute?"

At the outset, it should be noted that General Statutes § 12-504d provides that any person aggrieved by the imposition of a tax under §§ 12-504a to 12-504f may appeal therefrom as provided in § 12-118. That section allows any person aggrieved by the action of the board of tax review in any town to make an application, in the nature of an appeal therefrom, to the Court of Common Pleas. Attention is called to § 12-119 and to two cases which distinguish the remedies offered by §§ 12-118 and 12-119. See *Cohn* v. *Hartford,* 130 Conn. 699, 702; *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 391. There seems to be

no doubt that the Court of Common Pleas has jurisdiction of appeals from the doings of assessors and boards of tax review. See *Marshall* v. *Newington,* 156 Conn. 107, 114. There remains the question whether the Superior Court lacks authority to entertain the present action by virtue of the above-cited statutes. See also General Statutes § 52-7.

The nub of the matter here is not a review of the action of the board of tax review. True, that board decided that it could not pass on an issue of constitutionality. Its lack of interest in considering that issue is understandable. The real issue in the case at bar is a test of the validity of the law. That is not to say that the Court of Common Pleas could not decide such an issue.

General Statutes § 52-28 gives concurrent jurisdiction to the Court of Common Pleas and the Superior Court in matters wherein the demand is between $7500 and $15,000. General Statutes § 52-10 makes it clear, however, that where the matter in demand exceeds $15,000, the civil action should be brought to the Superior Court. In this case the plaintiffs seek a return of $27,450.

A review of the actions of municipal bodies has been held not to be full legal relief. See cases cited in *Waterbury* v. *Commission on Human Rights & Opportunities,* 160 Conn. 226; for cases on taxation, see *Bridgeport Hydraulic Co.* v. *Bridgeport,* 103 Conn. 249, 262; *McCourt* v. *Anemostat Corporation,* 25 Conn. Sup. 462, 466.

The Superior Court is a court of general jurisdiction, with power to hear and determine judicial matters not confided to some other court. See *Heiberger* v. *Clark,* 148 Conn. 177, 189. Since the subject matter here is not confided to any other court, this court has jurisdiction of the subject matter. It seems clear from the cases that an

exhaustion of remedies is not required where the theory of the action is not a simple review of the acts of municipal officers.

The demurrer to the first special defense is sustained.