[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE. MOTION TO STRIKE #116
On April 24, 1991, the plaintiff, Hans L. Levi, Inc. filed a complaint in which it alleged inter alia, that, by its note dated April 28, 1988, the defendant, Kenneth Kovacs, promised to lay the plaintiff $195,000.00 plus interest at the rate of ten (10) percent per annum. The plaintiff further alleges that the defendant mortgaged to the plaintiff real property described as a condominium in New Milford, Connecticut as security for the CT Page 9995 note. The plaintiff asserts that the installment of municipal and interest due on August 28, 1990, and each month subsequent hereto, have not been paid, and the plaintiff has therefore exercised the option to declare this entire balance due and payable.
On July 5, 1991, pursuant to Practice Book 236, the plaintiff filed a demand for disclosure of defense, and, on July 25, 1991, submitted an affidavit of debt in which it stated that the defendant owes the plaintiff $206,442.07. The plaintiff also moved for a judgment of strict foreclosure.
On September 3, 1991, the defendant filed a disclosure of defense. Mr. Kovacs also filed an answer in which he left the plaintiff to its proof, and attached thereto a setoff and counterclaim. By way of setoff the defendant alleges in count one that the plaintiff misrepresented the actual size of the real property in question, thereby inducing the defendant to purchase. The defendant claims that the plaintiff knew or should have known that its representations were fraudulent, false, misleading and untrue. The second count of the setoff repeats the allegations set forth in count one and further alleges that the plaintiff was a commercial enterprise in the business of selling real estate. The defendants asserts that the plaintiff's representations constitute unfair deceptive acts or practices within the meaning of Connecticut's Unfair Trade Practice Act, General Statutes 42-110 et seq. ("CUTPA"). The defendant alleges that he incurred substantial damages as a result of the plaintiff's unfair and deceptive acts. The defendant's two count counterclaim repeats the allegations set forth in its setoff.
On October 2, 1991, the plaintiff filed a motion to strike Mr. Kovacs' setoff and counterclaim on the grounds that such present issues unrelated to those contained in the plaintiff's complaint. Pursuant to Practice Book 155, the plaintiff submitted a memorandum in support of its motion. On October 18, 1991, the defendant filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. The motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). In ruling on the motion to strike, "the court is limited to the facts alleged in the complaint," Gordon v. Bridgeport Hous. Auth.,208 Conn. 161, 170, 544 A.2d 1185 (1988), and "`cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990) quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977)). A motion to strike "which relies on matters outside of the complaint is termed [a] `speaking motion' and is improper [and, consequently, cannot be considered by the court]." Kernsco v. Brophy Ahern Dev., 3 CSCR 344
(March 2, 1988, Purtill, J.) See also Liljedahl, supra. Furthermore, the court is required to construe the facts in the complaint most favorably to the nonmovant when considering a motion to strike. Gordon, supra. CT Page 9996
In paragraph one of its motion to strike, directed at count one of both the setoff and complaint, he plaintiff argues that the defendant had documents clearly specifying the size of the condominium in question; that the defendant had the opportunity to personally inspect and measure that condominium; that the defendant is a local land developer who owns considerable property in Litchfield and Fairfield counties; that the defendant builds, remodels and purchases residential and commercial properties as a business; and that the defendant was familiar with the physical characteristics of buildings and land and how to determine the sizes of such. In paragraph two directed at the CUTPA setoff and counterclaim, the plaintiff argues that it is not now, nor has it ever been, a commercial enterprise which sold real estate as part of its commercial dealings, and that whether it was or was not a commercial enterprise involved in such dealings is irrelevant to a determination of whether there exists a CUTPA violation. The plaintiff claims that a CUTPA claims is not applicable here. Finally, in paragraph three of the supporting memorandum, the plaintiff argues that the defendant has not asserted any defenses applicable to a foreclosure action and, consequently, the setoff and counterclaim should be stricken.
In its opposing memorandum the defendant argues that paragraph one and part of paragraph two of the plaintiff's memorandum constitute a speaking motion to strike. The defendant a so argues that its CUTPA claim should not be stricken because he only has to prove that a false representation was made as a statement of act and that such statement was untrue.
As illustrated above, the plaintiff's motion to strike count one of the setoff and counterclaim relies on matters outside of the [setoff and counterclaim] and, therefore, constitutes a speaking motion to strike. See e.g., Liljedah, supra.
The plaintiff has also moved to strike the CUTPA setoff and counterclaim. The plaintiff claims that CUTPA is not a valid defense to a foreclosure action. Defenses available in a foreclosure action are generally limited to payment, discharge release, satisfaction or invalidity of a lien. Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327, 329 (1944, O'Sullivan, J.) However, because foreclosure is equitable, courts have recognized that flexibility is required in certain situations. See, e.g., Hamm v. Taylor, 180 Conn. 491, 429 A.2d 946 (1980). Consequently, the trial court has the discretion "to withhold foreclosure or to reduce the amount of the stated indebtedness." Id. at 497. In the present case the defendant has put forth a CUTPA defense, claiming that the conduct of the plaintiff in allegedly misrepresenting the size of the condominium constitutes an unfair trade practice in violation of CUTPA.
In Connecticut Bank Trust Co. v. Katske, 40 Conn. Sup. 560,535 A.2d 836 (1986, Berdon, J.), aff'd, 13 Conn. App. 174,535 A.2d 818 (1988), the defendant raised CUTPA as a defense to a foreclosure action. The court entered a judgment of strict foreclosure over this defense, but did so because the defendant was unable to prove that the alleged CUTPA violations CT Page 9997 necessitated the remedy the denial of strict foreclosure. Thus, the court accepted as legitimate the defense of CUTPA to a foreclosure action. In the present matter, the question to be determined is whether or not the defendant's pleading is legally sufficient. Ferryman, supra. Pursuant to Hamm, supra, and Katske, supra, a CUTPA defense is valid and legally sufficient. Accordingly, because the motion to strike count one of the setoff and counterclaim constitutes a speaking motion to strike, and because the CUTPA setoff and counterclaim are legally sufficient, the motion to strike is denied.
PICKETT, J.