[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the city of Stamford, commenced this subject tax foreclosure action by way of writ, summons and complaint on August 31, 1992. Said complaint seeks to foreclosure outstanding tax liens due to the city of Stamford.
The defendant filed an amended special defense, setoffs and counterclaims on October 25, 1993.
The function of a motion to strike is to test the legal sufficiency of a pleading. A motion to strike is the appropriate way to contest the legal sufficiency of any answer including a special defense contained therein. Citicorp Mortgage, Inc. v.Kerzner, 8 Conn. L. Rptr. 7, 229 (1993) (citations omitted). A motion to strike admits all facts well pleaded and the allegations are given the same favorable construction as a trier of fact would be required to give in admitting evidenced under them.
The defendants' special defenses are stricken because the special defenses set forth, claiming discrimination, illegality and improper conduct are not among those found in equity or at common law available as a defense in a foreclosure action.
Only limited defenses to a foreclosure action are recognized under Connecticut law. As stated in the case of Bank of Boston v.641 John Fitch Assoc., et al, 7 CSCR 779 (1992):
 Connecticut has recognized the following defenses: Payment, Discharge, Release or Satisfaction, Connecticut Savings Bank v. Reilly, et al, 12 Conn. Sup. 327 (1944); Accident, Mistake or Fraud, Borekz [Boretz] v. Segar, 124 Conn. 320, 199 A. 480 (1938); Unconscionably, Hann v. Taylor, 180 Conn. 491, 29 A.2d 946 (1988); Abandonment of Security, Glotzer v. Keyes, 125 Conn. 227, 5 A.2d 1 (1939) and Usury, Atlas Realty Corp. v. House, 120 Conn. 661, CT Page 11243 183 A. 9 (1936).
The unlawful conduct and illegality issues alleged by the defendant in her special defenses may not be asserted in the State of Connecticut.
 "The Courts of this state have consistently held that, in collection actions pursuant to General Statutes § 12-161 and its predecessors, the validity of the tax may not be questioned. West Haven v. Aimes, 123 Conn. 543, 549, 196 A. 774 (1938), affirming 4 Conn. Sup. 391, 392 (1937); McCourt v. Anemostat Corporation, 25 Conn. Sup. 462, 465, 207 A.2d 585 (1965); Southington v. Kass, 7 Conn. Sup. 16, 21 (1939)."
 City of Hartford v. Faith Center, Inc., 493 A.2d 883, (1985).
The factual allegations described in the defendants' special defenses all are founded on a claim for unlawful assessment. A claim of unlawful assessment, as alleged in the defendants' first, second, third, fourth and fifth counts cannot be properly raised in an action to collect taxes. Id. at 886.
The defendants' first through five counts in her special defenses must be stricken as they are clearly legally insufficient.
Connecticut law has held that there are limited defenses available in a foreclosure action including payment, discharge and release, satisfaction or invalidity of a lien. Levi v. Kovacs,6 CSCR 1062, 1063 (1991). The nature of a foreclosure action is based in equity and therefore Courts have recognized equitable defenses.
As stated in the Case of Shoreline Bank Trust v. Leninski,Et Al, 8 Conn. L. Rptr. No. 17, 522 (1993);
 Some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counter claims and defenses not recognized in common law, see e.g., Bedford Plaza Ltd. v. Nakhai, 2 Conn. L. Rptr. No. 841 (1990) (Flynn J.); this trend must have a boundary. An analysis of those cased recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor . . . Courts CT Page 11244 have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage. See Citytrust v. Kings Gate Developers, 2 Conn. L. Rptr. No. 639 (1990)(Lewis, J.); (disallowing special defenses and counterclaims based on tortious interference with contract because they did not bear on the making, validity or enforcement of the note or mortgage); Bedford Plaza Ltd. v. Nakhai, supra (disallowing counterclaims where they are not so connected with the original controversy that their consideration is necessary to fully determine the rights of the parties); Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327 (Super.Ct. 1994) (disallowing a special legal defense of abuse of process). Id.
Defendants' basis of fraud was in the evaluation process used by the plaintiff and not in the tax lien itself. Connecticut Courts have held that a tax payer may not raise a claim of unlawful tax assessment as a counterclaim or special defense in a municipal tax foreclosure action. Hartford v. Faith Center Inc., 196 Conn. 487,492-493, 493 A.2d 883 (1985).
In the case of Town of Wallingford v. Glen Valley Assoc.,190 Conn. 158, 459 A.2d 525 (1983), the plaintiff sought to foreclose on sewer and municipal tax liens. The defendant/property owner filed an answer and a counterclaim claiming monetary damages and an injunction. The plaintiff's motion to strike the counterclaim was granted. Id. The request was denied upon the objection or the plaintiff. Id.
The defendant appealed the decision and the Connecticut Supreme Court affirmed. The Supreme Court stated with regard to the defendants' counterclaim, that the plaintiff's action involved enforcement of a lien acquired by operation of law and "the factual and legal issues raised by the counterclaim clearly do not arise from the foreclosure action." Id.
Under Connecticut General Statute § 12-111, any person claiming to aggrieved by the actions of the tax assessor, such as the defendant in the case at hand, may appeal to the board of tax review. The board of tax review is required under the statute to submit a written report of its final determination. Any person aggrieved by the findings or determinations, they may then appeal to the appropriate Superior court. Connecticut General Statute § 12-117(a). CT Page 11245
Alternatively, a tax payer who claims his real property has been wrongfully assessed may appeal directly to the Superior Court via Connecticut General Statute § 12-119. As stated in Glen ValleyAssoc., "to permit the defendant to raise special defenses which do not adequately challenge the complaint would be an injustice to plaintiff." Id. at 527. Therefore, the special defenses of fraud, discrimination and illegal conduct should be stricken. Because the defendant does not attack the tax itself, but instead an acts of the plaintiff, the defenses are legally insufficient and must be stricken.
The claims of the defendant in the sixth count should be stricken as the claims set forth therein do not arise out of the transactions which are the subject of the plaintiff's complaint to foreclose tax liens. First, negligence of the City's Building Department is clearly not a legal defense of a foreclosure. Assuming arguendo the defendant is attempting to counterclaim against the plaintiff as a setoff, the defendant does not meet the rules promulgated by the Practice Book as interpreted by the Courts of this state.
A Motion to Strike may be used to test the legal sufficiency of any Counterclaim. Connecticut Practice Book § 152. Connecticut Practice Book § 116 allows a defendant to file counterclaims against a plaintiff, "provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of plaintiff's complaint. . ."
Connecticut Courts have relied upon a "transaction test" to determine whether or not counterclaims and cross-claims comply with Practice Book § 116. The "transaction test" as set forth in Practice Book § 116 is a test designed to permit the joinder of closely related claims where such joinder is in the best interest of judicial economy and avoidance of piece-meal disposition of what is essentially one action. Wallingford v. Glen Valley Associates,Inc., 190 Conn. 158, 161, 459 A.2d 525 (1983); Jackson v. Conland,171 Conn. 161, 166-67, 368 A.2d 3 (1976).
The Wallingford case is particularly instructive concerning the transaction rule as it involves a municipality's attempt to foreclose tax liens and a defendant's subsequent counterclaim as is the situation in the instant case. In Wallingford, the plaintiff town brought an action to foreclose sewer and municipal tax liens which it held on real property owned by the defendant. The defendant counterclaimed in tort alleging that the plaintiff had CT Page 11246 unlawfully diverted water onto its property. The plaintiff, asserting that the counterclaim was improper under § 116 of the Connecticut Practice Book and applicable case law, moved to strike the counter-claim. The trial court granted the motion to strike. On appeal, the Connecticut Supreme Court affirmed, holding that the factual and legal issue raised by the counterclaim did not arise from the transaction which were the subject of the plaintiff's foreclosure action involved enforcement of a lien acquired by operation of law, and ruled that a substantial duplication of effort would not result if each of the claims were separately tried. Id. at 161.
The Motion to Strike may be utilized in order to test the legal sufficiency for the prayer for relief. The motion admits all well pleaded allegations that is construed most favorably to the drafter of the prayer for relief. Central New Haven Dev. Corp. v.Potpourri, Inc. 471 A.2d 681, 39 Conn. Sup. 132, 133 (1983). In the defendants' prayer for relief she claims damages in the amount of $160,000.00, double or treble damages, punitive damages, attorney's fees. Furthermore, as discussed Supra, the defendants' special defenses, unlawful assessment, fraud, discrimination, and negligence are not legally recognized in a foreclosure proceeding, thus there does not exist a claim upon which relief can be granted, and the prayer for relief should be stricken.
The defendant's motion to vacate and motion for articulation are denied.
HICKEY, J.