[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 115
On November 21, 1994, the plaintiff, Beneficial Mortgage Co. CT Page 5999 of Connecticut, filed a complaint seeking foreclosure of a mortgage arising out of Robert E. Brassington's and Patricia E. Brassington's ("defendants") alleged default on a promissory note.
The complaint alleges that on June 25, 1991, the defendants executed a promissory note in favor of the plaintiff in the principal amount of $170,650.05. To secure that note, the complaint alleges that the defendants mortgaged certain premises located in Ridgefield, Connecticut. The complaint alleges that despite making demands upon the defendants, the principal balance of the note, plus interest, remains due and payable.
The defendants filed an answer dated January 27, 1995. By way of four special defenses, the defendants allege (1) a violation of the federal Truth-in-Lending Law; (2) that the plaintiff acted in an "overreaching and unconscionable manner" with regard to the mortgage application; (3) a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), as codified in General Statutes, Sec. 42-110 et seq.; and (4) an unconscionable "new credit" rate.
On February 8, 1995, the plaintiff filed a motion to strike "Disclosure of Defenses and Special Defenses Dated January 27, 1995" on the ground that the above special defenses are not recognized defenses to a foreclosure action.[1] The plaintiff has filed a memorandum of law in support of its motion. The defendants have filed an opposition memorandum.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id. A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense. Practice Book, Sec. 152.
Practice Book, Sec. 164 provides: CT Page 6000
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
Special defenses to a foreclosure action must address the making, validity or enforcement of the note or mortgage in question. Shawmut Bank v. Wolfley, 9 CSCR 216, 217 (January 24, 1994, Dean, J.); First Federal Bank v. Zavatsky, 9 CSCR 420, 421
(September 24, 1993, Moraghan, J.).
 Connecticut has recognized the following defenses to an action for foreclosure: payment, discharge, release or satisfaction, Connecticut Savings Bank v. Reilly, et al., 12 Conn. Sup. 327 (1944); accident, mistake or fraud, Boretz v. Segor, 124 Conn. 320, 199 A. 548
(1938); unconscionability, Hamm v. Taylor, 180 Conn. 491, 29 A.2d 946
(1988); abandonment of security, Glotzer v. Keyes, 125 Conn. 227, 5 A.2d 1 (1939); and usury, Atlas Realty Corp. v. House, 120 Conn. 661, 183 A. 9 (1936).
Bristol Savings Bank v. Miller's Chevrolet, 7 Conn. L. Rptr. 517, 518 (October 19, 1992, Aurigemma, J.).
FIRST SPECIAL DEFENSE
The first special defense alleges, in its entirety, that "[t]he plaintiff failed to provide the defendants with a correct Disclosure Statement in violation of the Federal Truth-in-Lending Law," without any citation to any particular section of that law. In any event, a special defense alleging that a plaintiff mortgagee is required to provide disclosure pursuant to the federal Truth-in-Lending Act does not comport with Practice Book, Sec. 164 for it fails to show that the plaintiff has no cause of action. See Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. CV91 0345165 (April 2, 1993, Curran, J.).
Therefore, the defendants' first special defense is legally insufficient and is stricken.
SECOND SPECIAL DEFENSE
Specifically, the defendants allege that "[t]he plaintiff prepared an incomplete and incorrect mortgage application, CT Page 6001 substantially understating the defendants' monthly obligations, in order to fit the loan amount request into reasonable lending guidelines, thereby acting in an overreaching and unconscionable manner with the defendants, who were then in dire financial straits."
This special defense essentially asserts that the original mortgage and/or note is invalid. Invalidity of a note or mortgage is a valid special defense to a foreclosure action. Shawmut Bankv. Wolfley, supra, 9 CSCR 217. Accordingly, the plaintiff's motion to strike the second special defense is denied.
THIRD SPECIAL DEFENSE
The third special defense alleges, in its entirety, that "[t]he plaintiff violated the Connecticut Unfair Trade Practices Act by refinancing an existing second mortgage at a time that the plaintiff knew, or should have known, that defendants could not repay the loan." CUTPA provides for a separate, statutorily mandated private cause of action and therefore does not comport with section 164. First Federal Bank v. Zavatsky, supra,9 CSCR 421. But see Hans L. Levi v. Kovacs, 6 CSCR 1062 (November 4, 1991, Pickett, J.) (CUTPA is recognized as a valid equitable defense to a foreclosure action). Therefore, the defendants' third special defense is legally insufficient and is stricken.
Even if the court were to recognize CUTPA as a valid defense to this action, the defendant has failed to sufficiently allege the required elements to a CUTPA violation, which are:
 `(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].'
 Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243,254, 550 A.2d 1061 (1988). Therefore, the defendants' third special defense is legally insufficient and would be stricken.
FOURTH SPECIAL DEFENSE
The defendants allege that "[t]he advance of new credit of CT Page 6002 about $17,500.00 at a cost to the defendants of approximately $4,400.00 was unconscionable and oppressive." Unconscionability is a valid defense to a foreclosure action. See Hamm v. Taylor,180 Conn. 491, 494-95. However, "[w]hether an interest rate is unconscionable depends, inter alia, on the borrower's financial circumstances, the increased risk of a second mortgage and whether the mortgaged property is income-producing." Iamartino v.Avallone, 2 Conn. App. 119, 125, 477 A.2d 124 (1984). "`[T]he basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." Id., 125-26, quoting Hamm v. Taylor,
supra, 180 Conn. 495-96. A review of the fourth special defense reveals that the defendants have failed to sufficiently allege a defense based on unconscionability. Since a motion to strike does not admit legal conclusions; Mingachos v. CBS, supra, 196 Conn. 108; the defendants' fourth special defense is stricken.
Stodolink, J.