[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
The Town of Franklin, the plaintiff in this action to foreclose a tax lien, has moved to strike the third, fourth, fifth and sixth special defenses filed by the defendants. The issues have been fully briefed, and CT Page 7096 no party has indicated a desire for oral argument. The full text of each of these special defenses is as follows:
 "Third Special Defense The plaintiff's, Town of Franklin, liens are for taxes, if due at all, are due on other properties and/or differently described properties and, therefore, are unenforceable and/or void.
 Fourth Special Defense The plaintiff's assessment on this property is clearly improper manner in accordance with the statutes and/or other applicable law.
 Fifth Special Defense The plaintiff, Town of Franklin, has acted with unclean hands by its conduct and should be denied the right to foreclose on this property.
 Sixth Special Defense The Plaintiff, Town of Franklin, violated its statutory and/or common law duties (pursuant to Connecticut General Statutes Section 12-40 et seq. and/or other statutes) in its evaluation and taxation of this property and should be estopped from collecting the taxes alleged."
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham 251 Conn. 597, 603, cert. denied, 530 U.S. 1214 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the maimer most favorable to the plaintiff.Gazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670,675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The CT Page 7097 requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
Withdrawals
In their brief in opposition to the motion to strike, the defendants observe that "[i]n the event that the Town is permitted to pursue its motion to strike, however, Defendants will voluntarily agree to withdraw their Third and Sixth Special Defenses." The court suspects that the identification of the third special defense as one the defendants are willing to withdraw is an error. Two paragraphs later in their brief, the defendants assert that the third special defense is a valid special defense in that it alleges "mistake or accident on the part of the Town in naming the wrong properties . . . "(Brief, Feb. 16, 2001, p. 9) The court therefore will treat only the sixth special defense as withdrawn.
Remaining Special Defenses
The function of a special defense is to assert facts that "show, notwithstanding [the allegations of the complaint] that the plaintiff has no cause of action . . ." Practice Book § 10-50.
In their third special defense, read in the manner required by the cases cited above, the defendants allege, apparently, that the plaintiff is seeking to foreclose the property identified in the complaint for nonpayment of taxes that relate to other properties, or that are not due at all. Pursuant to Conn. Gen. Stat. § 12-172, a municipality has a lien on a interest in property that is subject to its power to levy real estate taxes for that part of the taxes "laid upon the valuation of such interest" on the grand list of real property within the town. If the defendants prove that the unpaid taxes that are claimed to justify the lien relate to other properties or have been wrongly calculated, the plaintiff may not be entitled to the relief sought. The defendants have properly raised this issue by a special defense, and the motion to strike the third special defense is denied.
In the fourth special defense the defendants assert that the "assessment on this property" "is clearly improper manner (sic)." Challenges to the method of performing a valuation of a property for real CT Page 7098 estate tax purposes may be made only by an appeal to the board of assessment appeals (formerly the board of tax review) pursuant to Conn. Gen. Stat. § 12-111 or by bringing an action against the municipality within a year of the assessment or within a year of the date "that a tax laid on property was computed." Conn. Gen. Stat. § 12-119. The defendants have pointed to no statute that allows a valuation to be challenged instead by a special defense to an action to foreclose a tax lien. Courts have held that complaints about valuation may not be raised as defenses to efforts to collect taxes. City of Danbury v. DanaInvestment Corp., 249 Conn. 1, 14-15 (1999); Hartford v. Faith Center,Inc., 196 Conn. 487, 491-92 (1985); West Haven v Aimes, 123 Conn. 543,549 (1938). "The rationale for this rule is the need on the part of government for fiscal certainty." City of Danbury v. Dana InvestmentCorp., supra, 249 Conn. 15. This special defense is legally insufficient and is hereby stricken.
The defendants assert in their fifth special defense that the equitable remedy of foreclosure should not be granted because the Town "has acted with unclean hands." Since no facts but only a legal conclusion is alleged, the motion to strike this defense is granted. Mingachos v. CBS,Inc., supra, 196 Conn. 108; Fortini v. New England Log Homes, Inc., supra, 4 Conn. App. 134-35. Practice Book § 10-44 permits pleading over to allege the facts that are claimed to warrant withholding of equitable relief.
Conclusion
The motion to strike is denied as to the third special defenses and granted as to the fourth and fifth special defenses. On the basis of the defendants' statement that the sixth special defense "is withdrawn," but in the absence of a written withdrawal, the court grants the motion to strike the sixth special defense.
Beverly J. Hodgson Judge of the Superior Court