[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR PERMISSION TO WITHDRAW REPLY TO SPECIAL DEFENSES
CT Page 7099
The Town of Franklin, the plaintiff in this tax foreclosure action, has moved for leave to withdraw its reply to the defendants' special defenses in order to challenge the legal adequacy of some of the defenses asserted. The movant has not explained why it filed a reply if it intended to challenge the special defenses; however, the suggestion in its brief is that some of the defenses raised are inapplicable to an action to foreclose a real estate tax lien and would unnecessarily complicate the trial.
The defendants take the position that the court should deny leave to withdraw the reply to the special defenses but that, if the court allows withdrawal, the defendants "will voluntarily agree to withdraw the third and sixth special defenses."
This case had been in limbo for a considerable period before being transferred to the Complex Litigation Docket for management along with many other cases concerning the defendants. The special defenses were filed on January 28, 1991. The reply to the special defenses was filed on January 30, 1992. The motion for permission to withdraw the reply to the special defenses was filed on November 16, 1995.
The court, Teller, J., ordered a stay of the proceedings on January 17, 1991. On October 2, 1995, the Town requested relief from the stay, which was granted on November 13, 1995; however, Judge Teller reinstated the stay on December 4, 1995, conditioned on the defendants' making monthly payments in an amount equal to the monthly interest of the alleged unpaid taxes. The Town explains that it has not pursued its motion because of the stay.
The Town did not file a request for adjudication of this long-pending motion until May 8, 2001. This court has commenced active management of this and the other cases involving the Rytmans but has not yet set a trial date.
The defendants oppose the motion on the ground that a pleading pending so long should not be disturbed; however, they do not assert that they would be prejudiced in any way if the motion were granted.
Pursuant to Practice Book § 10-7, the court has discretion to allow parties to file pleadings out of order. Section 1-8 of the Practice Book states that the "design of these rules [is] to facilitate business and advance justice . . ." Those goals, and the prospects of prejudice to the parties must inform the court's exercise of discretion. Sabino v.CT Page 7100Ruffolo, 19 Conn. App. 402, 404 (1989); County of Fairfield Trust Co. v.Malloy, Superior Court, judicial district of Fairfield, Docket No. 120289 (Apr. 18, 1994), 11 Conn.L.Rptr. 365.
The special defenses asserted include claims that are completely outside the scope of the defenses applicable to an action to foreclose a municipal real estate tax lien, notably, challenges to the valuation of the property. If such material is allowed to remain as an asserted special defense, the court will have to conduct a trial in which evidence concerning the issue of valuation is asserted only to be rejected in the ultimate ruling because valuation must be contested in an appeal to the board of assessment appeals (formerly the board of tax review) pursuant to Conn. Gen. States § 12-111, or by an application brought to the Superior Court pursuant to Conn. Gen. Stat. § 12-119 within one year of the assessment. Disagreement with a valuation used in municipal taxation cannot be raised by a special defense to an action to collect taxes. City of Danbury v. Dana Investment Corp., 249 Conn. 1, 14-15
(1999); Hartford v Faith Center, Inc., 196 Conn. 487, 491-92 (1985); WestHaven v. Aimes, 123 Conn. 543, 549 (1938). "The rationale for this rule is the need on the part of government for fiscal certainty." City ofDanbury v. Dana Investment Corp., supra, 249 Conn. 15.
If the present motion is not granted, the parties are likely to conduct discovery and trial preparation for issues that cannot be decided in this litigation, and the court is likely to have to expend trial time listening to evidence on those issues. The practicalities of these considerations outweigh any purpose that would be served by denying the motion.
Conclusion
For the foregoing reasons, the motion for permission to withdraw the reply to the special defenses is granted.
Beverly J. Hodgson Judge of the Superior Court