## TOWN OF WEST HAVEN, ET AL.
vs.
## HUBERT H. S. AIMES, ET AL.

Superior Court    New Haven County    File #50761
#50762

Present:   Hon. NEWELL JENNINGS, Judge.

Walton E. Cronan, Town Counsel;
Larash & Gabriel,    Attorneys for the Plaintiffs.

Woodruff, Klein & White,    Attorneys for the Defendants.

## MEMORANDUM FILED JANUARY 12, 1937.

JENNINGS, J.   These two suits involve similar issues and were tried together.   They are brought to recover unpaid taxes.   **General Statutes Section 1231.**   In the first the taxes due from Mr. Aimes individually are the subject of inquiry and in the second those assessed on property owned by Mr. and Mrs. Aimes jointly.   The taxes have not been paid and the real defense is that the defendants are either unable or unwilling to pay them.   The claims based on the 1935 lists

were withdrawn.

## I.

Only one defense has been interposed to the merits of the plaintiffs' claims. The defendant attempted to show that the assessments were excessive. Evidence along this line was excluded. At least two methods are available to test the amount of the assessment. The taxpayer may appeal to the Board of Relief and if still unsatisfied may appeal from its decision to the Superior Court. **General Statutes Sections 1194, 1195, 1200.** Action may also be brought under Cumulative Supplement 1935 Section 375c or its predecessors. **Lomas & Nettleton Company vs. Waterbury, 122 Conn., 228.** Both of these methods provide for a speedy determination of the question. To bring the matter up when, as in this case, the assessments go back seven years is impractical and not within the contemplation of the statutes. It would open the door to endless litigation. As far as I recall, no attempt was made by either defendant to secure a reduction of the assessments by either method described.

## II.

The first technical defense is to the effect that the plaintiffs have improperly joined in one suit. The description of the plaintiffs in the writs is as follows: "The Town of West Haven, the West Haven School District, both municipal corporations located in the Town of West Haven, and Robert F. Sylvester, Tax Collector for said Town and School District, a resident of said Town of West Haven . . ."

**Section 65 of the Practice Book** provides that the exclusive remedy for misjoinder of parties is by motion. The defect should be raised in the trial court, **Loomis vs. Hollister, 75 Conn., 275, 278,** by a pleading, **King vs. Malone, 91 Conn. 342, 345.** No motion or other pleading having been filed and the point not having been raised on the trial, the action should not be defeated on this technical ground **(General Statutes Section 5522)** unless it makes the rendition of a proper judgment impossible. This result will not follow. A joint judgment will be **res judicata** as to all matters properly pleaded. **Spencer vs. Mack, 112 Conn. 17, 24,** and the defendants will therefore be amply protected in any payments made thereon. The plaintiffs having elected to join in their demand, any quarrels as to the disposition of these payments must be set-

tled between themselves. See **Cumulative Supplement Section 394c** for the legislative policy.

## III.

The defendants claim a variance between the tax alleged and that in fact laid. This variance is immaterial in an action on a debt and should be disregarded. **Practice Book Section 96.**

## IV.

The defendants claim that since this is an action on a debt the interest should be figured at 6% instead of at the rate legal for taxes. No authority for this proposition has been cited or found and **General Statutes Section 1217** is controlling.

## V.

The certificate of error is attacked. The property of the defendants is divided by the Shore Road. A part of the property lying south of this road known as 75 Ocean Avenue was placed in the list of Mr. Aimes on the lists of 1929, 1930 and 1931. In those years, Mr. Aimes signed the tax lists of both Mrs. Aimes and himself. In 1932 it was discovered that this property should in fact have been set in the joint list of husband and wife. To correct this clerical error, a certificate of error was filed on December 29, 1932. This certificate purported to remove this property, assessed at $15,890., from the individual list of Mr. Aimes and to add it to the joint list. The taxes on the joint list for those years had been paid in full before the certificate of error was filed. The taxes due from Mr. Aimes were and still are in arrears for 1929, 1930 and 1931 in an amount greater than the amount due on $15,890. now added to the joint list. It follows that the plaintiffs, as far as this issue is concerned, are fairly entitled to the amount claimed and that for the defendants to retain it would result in their failure to bear their just share of the municipal tax burden by that amount.

The certificate of error was filed under **General Statutes Section 1161.** This section is discussed and applied in **Bridgeport Brass Company vs. Drew, 102 Conn. 206.** That case holds, among other things, that the provision that clerical omissions or mistakes may be corrected by the assessors "at any time" does not place any limit on the time when the

correction may be made. Presumably, if vested rights had intervened, based on a tax bill receipted in full, the correction would come too late. Such a situation would arise if a mortgagee had made a loan after inquiry. But here, where the affair was a family matter and the person seeking to avail himself of the defense, himself signed the tax bill, the statute covers the situation. As far as appears, the list of the joint and individual property was given in by Mr. Aimes personally and the time for him to complain of the error was at a meeting of the Board of Relief. To relieve him of the payment of the entire tax on the joint property as claimed by the defendants would be to allow him to benefit by his own carelessness.

If error is found in this conclusion, it can be easily corrected by subtracting from the total in #50762 the amount of tax, interest and lien charge for these years, or $1104.98.

## VI.

Certain other errors in computation are claimed. They are small in amount and appear to be adequately corrected in the revised statement of the plaintiffs attached to their brief.

In case #50761 I find the amount due the Town to be $11,820.28, the amount due the School District to be $3047.45, and that judgment should enter for the plaintiffs against the defendant for $14,867.73.

In case #50762 I find the amount due the Town to be $3132.13, the amount due the School District to be $855.68, and that judgment should enter for the plaintiffs against the defendants for $3987.81.

Judgment accordingly.