TOWN OF WINDSOR ET AL. *v.* CLARA R. BEDORTHA ET ALS.

MALTBIE, C. J., AVERY, JENNINGS and ELLS, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued December 5, 1941—decided February 5, 1942.

*George Q. Bedortha,* with whom, on the brief, were *Clara R. Bedortha* and *Alfred C. Bedortha,* for the appellants (defendants).

*Howard W. Alcorn,* for the appellees (plaintiffs).

AVERY, J. The plaintiffs in this case are the town and fire district of Windsor. They are authorized to join by the provisions of General Statutes, Cum. Sup. 1935, § 394c. They brought this action to foreclose tax liens upon certain tracts of property which belonged to Laurence L. Bedortha, who died on May 19, 1926. The defendants, George Q., Alfred C. and Clara R. Bedortha, are his children and heirs-at-law and the executors, trustees, beneficiaries and devisees under his will. At the trial they appeared in person and without counsel. After a full hearing, judgment was entered by the court fixing the amount of the debt and granting foreclosure. Inasmuch as there appeared to be large equity in the property over and above the

debt due, the court allowed the defendants a year to redeem. From this judgment the defendants have appealed, appearing in this court in person, and George Q. Bedortha was fully heard on his own behalf and on behalf of the other defendants.

The essential facts appearing from the finding, with such corrections as we can make in it, and from the exhibits made a part of it are these: At the date of his death, Laurence L. Bedortha was the owner of two pieces of land in Windsor. The first piece, containing twelve and six-tenths acres, more or less, touches the highway known as Poquonock Avenue at three separate points. The second tract, containing sixteen and seven-tenths acres, more or less, was acquired by him from H. Sidney Hayden. The defendants have chosen from time to time to describe certain parts of the first tract as small distinct units listed and bounded respectively as Lots 13, 10, 7, and 7A. The estate of Laurence L. Bedortha has never been distributed or finally disposed of by the Court of Probate. Since his death, tax lists of the property which he had owned have been filed in the name of his estate, signed by A. C. Bedortha as executor. Many of the lists describe the lands assessed, and the liens filed against the lands contained a similar description. The assessment list filed in 1935 included certain buildings, a lot the dimensions of which were given but which was not otherwise described· and a certain tract of land by acreage which was described; the town filed two liens based upon this list, one against the lot and the other against the tract designated by acreage, with the buildings. In several instances the lands were not described on the lists, but descriptions were given in the liens based upon them. The lists covering the tract containing sixteen and seven-tenths acres sometimes described it and some-

times did not; the liens filed by the town gave a description of the property corresponding to that on the lists where it appeared there, but those filed by the fire district contained descriptions in no way corresponding to those on the lists. In each year the total assessment upon the various lots as listed represented the assessment upon the entire property of the defendants and in no instance was any piece assessed more than once. On the list of 1936 certain property, including machinery, was held by the court to be personal and to be erroneously included in the certificate of lien on Lots 10 and 13; and on the lists of 1937 and 1938 similar property was held to be erroneously included upon the twelve and six-tenths acre piece. The proportion of the tax and interest attributed to such personal property was deducted by the trial court in determining the debt due in each year. The Windsor Trust Company is a state bank and trust company chartered by a special act of the General Assembly prior to March, 1917, and was authorized by the tax collectors of the town and fire district, respectively, to act as their agent. The certificates continuing the tax liens in question in this case for the various years were signed by the Windsor Trust Company as agent for the respective tax collectors. The defendants have made many claims of law before us but we shall discuss only such of them as merit attention.

It appears that the estate of Laurence L. Bedortha has not been distributed or finally disposed of by the Court of Probate. General Statutes, § 1131, permits the property to be set in the tax list "in the name of such estate, or of the trustee, administrator or executor thereof, as such, at his option." *White* v. *Portland*, 68 Conn. 293, 294, 36 Atl. 46. It follows that the property was properly listed and assessed in the

name of the estate. It is true that where the tax lists failed to describe property assessed and the liens corresponding to the lists contained descriptions or where the descriptions of the property in the liens varied from that on the corresponding tax list, there was no direct evidence identifying the properties on the tax lists with those against which the liens were filed. However, § 45 of the Practice Book provides that a certificate of a tax lien shall be prima facie evidence that all requirements of law for the assessment and collection of the tax and for the making and filing of the certificate of lien have been duly and properly complied with, and that any claimed irregularity or invalidity in the assessment or lien shall be matter of affirmative defense to be alleged and proved by the defendant. The trial court was, therefore, justified in finding that the assessments were made and the liens filed upon the property as described by the defendants in filing their assessment lists in the several years. Inasmuch as the assessments were made upon the lists as filed by the defendants, they cannot complain because separate parcels were listed as one tract or one tract listed as separate parcels. *Union School District* v. *Bishop,* 76 Conn. 695, 697, 58 Atl. 13; *Pitt* v. *Stamford,* 117 Conn. 388, 394, 167 Atl. 919. While it is true that land cannot be foreclosed for taxes on personal property, the fact that the certificates of lien filed for the years 1936 and 1937 included items of taxes upon personal property did not invalidate them as to the taxes due upon the real estate, by reason of the provision of the validating acts that such a certificate shall not be deemed to be invalid because the amount of the tax secured by the lien was incorrectly stated therein. 23 Special Laws 599, § 3; 22 Special Laws 343, § 3, 844, § 3; 21 Special Laws 1127, § 3; *Whittelscy Co.* v. *Windsor Locks,* 90 Conn.

312, 314, 97 Atl. 316; *West Haven* v. *Aimes,* 123 Conn. 543, 547, 196 Atl. 774. The action of the trial court in deducting the amounts representing the tax on the personal property was correct.

The Windsor Trust Company as a state bank and trust company was empowered by General Statutes, § 3885, to "act as the agent of any duly qualified treasurer of any town, city, borough, school or other taxing district or of any duly qualified collector of taxes in the collection of taxes when authorized by such treasurer or collector of taxes so to act." This power was first conferred upon state banks and trust companies in 1927. Public Acts, 1927, Chap. 251. It appears in the revision of 1930 as § 3885 and in Cum. Sup. 1939 as § 1203e. It was in force during the entire period relating to the taxes in this case. It appears that the trust company was authorized by the collectors in each of these years to act as their agent. It is true that tax collectors are elected officers and they cannot authorize an agent to take over matters involving the exercise of discretionary powers, for that would be to vest in others the authority which has been entrusted to them by vote of the electors. *Hitchcock* v. *Galveston,* 96 U. S. 341, 348, 24 L. Ed. 659; *Ontario Knitting Co.* v. *State,* 205 N. Y. 409, 416, 98 N. E. 909; 46 C. J. 1033, § 291. The statutory power given to state banks to act as agents for tax collectors contains the necessary implication that their authority applies only to ministerial acts. So far as appears in this case, however, all the bank did was to sign and file the certificate, which was a ministerial act, and this power could be given to it. In the absence of evidence that a discretion whether or not to file the liens was reposed in it, the provisions of § 45 of the Practice Book previously referred to would avail against the objection that such action was not

properly within the power of the bank. It follows that the trust company had the power to sign as agent for the collectors and to file with the town clerk certificates continuing the lien of the taxes for the several years against the defendants' real estate, and the claim of the defendants that the certificates were invalid because not signed by the tax collectors personally is without merit.

There is no error.

In this opinion the other judges concurred.