COUNTY OF SPINK, State of South Dakota, Plaintiff and Appellee,

v.

HEINOLD HOG MARKET, INC., a Corporation, Defendant and Appellant.

No. 13020.

Supreme Court of South Dakota.

Considered on Briefs Sept. 11, 1980.

Decided Dec. 23, 1980.

Russell H. Battey of Williams & Gellhaus, Aberdeen, for plaintiff and appellee.

Raymond M. Schutz of Siegel, Barnett, Schutz, O'Keefe, Jewett & King, Aberdeen, for defendant and appellant.

WUEST, Circuit Judge.

This is an action against appellant, Heinold Hog Market, Inc., for personal property taxes assessed in 1974 against 2,049 head of cattle located on the Jim Weems farm in Belle Plaine Township, Spink County, South Dakota. Mr. Weems informed the Belle Plaine Township Board that the cattle were owned by Missouri Slope Feedlot, Inc. The Belle Plaine Township Board sent a 1974 personal property tax return to Missouri Slope Feedlot, Inc., and the Spink County Director of Equalization did likewise. Missouri Slope Feedlot, Inc., wrote the Director of Equalization acknowledging receipt of the return, but advised that the cattle were owned by the Arizona National Cattle Company and asked that the assessment records be changed to show the correct owner. The Director of Equalization then wrote to the Arizona National Cattle Company, which advised that all expenses, including taxes on the cattle, were to be paid by Lyle Zeltwanger, c/o Heinold Cattle Market, Box 375, Kouts, Indiana 46347, and that arrangements should be made with Mr. Zeltwanger for payment of the taxes, or that they should be deducted from the sale proceeds. The Director of Equalization then sent a self–listing personal property return by certified mail to Mr. Zeltwanger. An unsigned return showing 2,049 cattle in feedlots was returned to the Director of Equalization. The Director of Equalization did not know who put the number on the return, but assumed it was Mr. Zeltwanger since he apparently mailed it to her office. Although the personal property return shows "Lyle Zeltwanger, c/o Heinold Cattle Market," and the distress warrant of the County Treasurer, "Lyle Zeltwanger c/o Heinold Cattle Market," appellant's actual legal designation is Heinold Hog Market, Inc. Mr. Zeltwanger acted as a cattle buy-

er for appellant. The evidence received at trial establishes that appellant, a Delaware Corporation of Kouts, Indiana, had a security agreement covering the cattle in question, which were actually owned by the Arizona Vegas Corporation, a Nevada Corporation, which acted through its agent, Arizona National Cattle Company. The Arizona Vegas Corporation by the Arizona National Cattle Company had executed its note in the amount of $1,322,400 to appellant. According to the terms of the note, the proceeds of the sale of the cattle were to be used to pay off the note.

The trial court held that the taxes were properly assessed against appellant, notwithstanding the fact that appellant was not the owner of the cattle but held only a security interest. We reverse.

There are two issues urged upon us for decision:

1. Whether the tax assessment was proper against appellant.

2. Whether the defense of nonownership could be asserted by appellant without first applying for an abatement under SDCL 10–18–1 or paying under protest and bringing suit pursuant to SDCL 10–27–2.

■ As to the first issue, we conclude that under the statutes then existing[1] this property should not have been assessed against appellant, who did not own the same.

■ The obligation to pay taxes is purely a statutory creation, and taxes can be levied, assessed, and collected only in the method provided by express statute. South Dakota had no statute authorizing the assessment of a security interest. The statutes then in force continually referred to "owner" when referring to the assessment of personal property. SDCL ch. 10–5 and ch. 10–6.[2] The Attorney General of this state has consistently ruled that all property is taxable as to its ownership and value as of the assessment date. 1943–44 A.G.R. 341. Although an Attorney General's opin-

ion does not have the legal effect of a judicial decision, it provides the administrative agencies guidance on legal issues until those issues are ruled upon by a court or the law is changed by the Legislature.

In view of the fact that the Legislature has consistently used the term "owner" and the administrative agencies pursuant to the Attorney General's opinion have used ownership as a criterion for assessment for many years, we are persuaded that ownership of personal property was necessary for a county to recover personal property taxes under the provisions of SDCL 10–22–53.

■ The second issue, whether appellant could assert the defense of nonownership because it had not applied for an abatement, was decided by this Court in *Moody County v. Cable*, 82 S.D. 537, 150 N.W.2d 193 (1967). As pointed out in that case, SDCL 10–22–57 (formerly SDC 57.1027) provides in part that "[t]he defendant may set up by way of answer any defense which he may have to the collection of the taxes."

The judgment is reversed.

All the Justices concur.

WUEST, Circuit Judge, sitting for FOSHEIM, J., disqualified.

---

1. Personal property taxes were repealed by 1978 S.D. Sess. Laws ch. 72 and ch. 73.

2. We note SDCL 10-6-8 required reporting of personal property held in a person's possession, and officers of corporations were required to report for the corporation.