CITY OF HARTFORD *v.* FAITH CENTER, INC.
(12505)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued April 3—decision released June 18, 1985

---

*Gordon T. Allen,* for the appellant (defendant).

*Richard M. Cosgrove,* deputy corporation counsel, with whom, on the brief, were *Richard H. Goldstein,* corporation counsel, and *Paul H. Burnham,* assistant corporation counsel, for the appellee (plaintiff).

SHEA, J. The plaintiff city of Hartford instituted this action pursuant to General Statutes § 12-161 in six counts against the defendant, Faith Center, Inc., for the collection of property taxes owed on the tax lists of 1976 through 1980. The defendant filed a special defense, alleging the unconstitutionality of the tax assessments, and also a counterclaim against the plaintiff seeking equitable relief from the allegedly illegal tax. From judgment in favor of the plaintiff, the defendant appeals, claiming that the trial court erred (1) in granting the plaintiff's motion to strike the special defense, (2) in ordering summary judgment in favor of the plaintiff on counts three through six of the complaint,[1] and (3) in granting the plaintiff's motion to strike the counterclaim. We find no error.

---

[1] The defendant initially had also challenged the adverse judgment on counts one and two relating to certain taxes assessed on the 1976 list, but at oral argument defense counsel withdrew this claim, stating "I'm not contesting the list of October 1, 1976," and maintained this position after questioning by the court. This concession may have been based on recognition of the preclusive effect on those counts of *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 472 A.2d 16 (1984), concerning which the United States Supreme Court denied certiorari on November 13, 1984, three months after the defendant's appellate brief in this case was filed. 469 U.S.    , 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984).

This controversy involves the same property at issue in *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 472 A.2d 16, cert. denied, 469 U.S.    , 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984) *(Faith Center II).* In that case, Faith Center, Inc., sought relief from taxes levied on the list of October 1, 1976, pursuant to General Statutes § 12-119 and a declaratory judgment that the property at issue was not taxable. We affirmed the decision of the trial court, *Hon. Charles S. House,* state trial referee, that Faith Center had failed to sustain its burden of showing that the exemption from taxation for "[p]ersonal property within the state owned by . . . a Connecticut religious organization . . . if the principal or income is used or appropriated for religious or charitable purposes or both" applied to the property at issue, a television station operated by Faith Center. *Faith Center, Inc.* v. *Hartford,* 39 Conn. Sup. 142, 144, 473 A.2d 342 (1982) *(Faith Center I).* We therefore found no error in the denial of the relief sought pursuant to General Statutes § 12-119 or in the refusal to declare the property exempt from taxation.

The present case involves the taxes assessed on the lists of 1977 through 1980. The defendant never challenged the assessments on these lists, either independently or by amending its complaint in *Faith Center I* to include them. The defendant chose, for unknown reasons, to await the attempts of the plaintiff to collect the taxes before raising as a special defense its claim that the taxes were illegally assessed. In moving to strike this special defense the plaintiff essentially challenged the propriety of raising such a defense in an action to collect taxes pursuant to General Statutes § 12-161, and the trial court relied upon this ground in granting the motion. We find no infirmity in that ruling.

"It is not to the advantage of the State that those whom it seeks to tax should refuse to pay their taxes

in order to test their validity. Such a course, if largely followed, might cause the State more than an inconvenience in the disturbance of the budget upon which the payments of its governmental obligations depended. The more orderly course is a compliance with the law by a payment, reserving the right to contest the validity of the required payment." *Underwood Typewriter Co.* v. *Chamberlain,* 92 Conn. 199, 204, 102 A. 600 (1917). Because this reasoning applies with equal force to municipal taxes, the courts of this state have consistently held that, in collection actions pursuant to General Statutes § 12-161 and its predecessors, the validity of the tax may not be questioned. *West Haven* v. *Aimes,* 123 Conn. 543, 549, 196 A. 774 (1938), aff'g 4 Conn. Sup. 391, 392 (1937); *McCourt* v. *Anemostat Corporation,* 25 Conn. Sup. 462, 465, 207 A.2d 585 (1965); *Southington* v. *Kass,* 7 Conn. Sup. 16, 21 (1939).[2]

The defendant argues that because General Statutes § 12-161 states that "[a]ll taxes *properly assessed* shall become a debt due from the person, persons or corporation against whom they are respectively assessed," (emphasis added) all questions relating to the validity of the assessment, including the availability of a statutory exemption, can be raised in a collection action. We reject this interpretation of the statute because it would permit a taxpayer wholly to disregard the remedies established by the legislature prescribing the routes by which seasonable challenges to tax assessments may be pursued. "The claim that the property had been wrongfully or excessively assessed could have been appealed in one of two ways: (1) to the board of tax

---

[2] Other jurisdictions have reached the same result; see, e.g., *Commonwealth* v. *Atlantic & Gulf Coast Stevedores, Inc.* 422 Pa. 442, 221 A.2d 128 (1966); *Dike* v. *McCormick,* 128 Vt. 349, 264 A.2d 769 (1970); save where statutory provisions mandate a different conclusion. See *Spink* v. *Heinold Hog Market, Inc.,* 299 N.W.2d 811, 812 (S.D. 1980) (statute provided that " '[t]he defendant may set up by way of answer any defense which he may have to the collection of the taxes' ").

review and from there, within two months, to the Superior Court pursuant to [General Statutes] § 12-111 and § 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to § 12-119." *Norwich* v. *Lebanon,* 193 Conn. 342, 346–48, 477 A.2d 115 (1984). The defendant in fact pursued the latter remedy in *Faith Center I* in challenging the assessment on its property based on the list of 1976, but failed to sustain its burden of proof as to the applicability of the statutory exemption. Given that the statutory procedures provide "a convenient and effective opportunity" to procure "complete relief" from an illegal assessment; *Norwich* v. *Lebanon,* supra, 348; we see no reason to allow a taxpayer who has failed to utilize the available statutory remedies to assert, in an action to collect a tax under General Statutes § 12-161, that the tax has not been "properly assessed." Cf. *National CSS, Inc.* v. *Stamford,* 195 Conn. 587, 597, 489 A.2d 1034 (1985); see also *Zizka* v. *Water Pollution Control Authority,* 195 Conn. 682, 690, 490 A.2d 509 (1985).[3]

Since the claim of unlawful assessment raised in the special defense could have been redressed through an appeal from the board of assessors under § 12-111 or an application to the court under § 12-119 within the specified time limitations, it could not properly be raised

[3] The provision of Practice Book § 187 declaring that "[a]ny claimed informality, irregularity or invalidity in the assessment or attempted collection of the tax, or in the lien filed, shall be matter of affirmative defense to be alleged and proved by the defendant" is not authority to the contrary. This provision, rather than allowing a taxpayer to raise the sort of defense attempted here, is merely a necessary corollary to the rule dispensing with the burdensome and formalistic requirement that a municipality prove the regularity of every action leading to the imposition of the tax. See Practice Book § 187. Thus a claimed failure specifically to identify the taxed property or a challenge to the authority of an agent whose actions contributed to the tax may be raised as special defenses; *Windsor* v. *Bedortha,* 128 Conn. 551, 555–56, 24 A.2d 474 (1942); but those challenges encompassed by the statutory remedies may not.

in this action to collect taxes under § 12-161. Accordingly, the court did not err in granting the plaintiff's motion to strike the special defense.[4]

The defendant's argument that the trial court erred in granting the plaintiff's motion for summary judgment as to counts three through six of the complaint relies heavily on the claimed error in striking the special defense discussed above. Without that defense, the defendant does not assert that there remains a contested question of fact that would render summary judgment impermissible. See Practice Book § 384. It follows from our holding that the special defense was properly struck that the trial court did not err in rendering summary judgment in favor of the plaintiff.

The defendant's final claim of error relates to the trial court's action in granting the plaintiff's motion to strike the defendant's counterclaim. The counterclaim asserted the illegality of the tax assessed on the lists of 1977 through 1980 in two counts and requested as relief only "[a] restraining order preventing the Plaintiffs from enforcing collection of personal property taxes allegedly to be due from the Defendant . . . ." The trial court granted the motion to strike without memorandum, and no articulation was sought. We agree with the result reached by the trial court.

We note initially the unusual character of the counterclaim, which purports to be an action in equity to enjoin the collection of a tax. Such a remedy is not generally available, but may be rendered only in "extreme

---

[4] Circumstances have overtaken the holding in *State* v. *New York, New Haven & Hartford R.R. Co.*, 60 Conn. 326, 335, 22 A. 765 (1891), wherein we permitted the defendant in a collection action to raise as a defense "the validity of the tax, as a whole or as to any part of it." That ruling in 1891 could not take into account the eventual legislation establishing alternate means of contesting a tax or the public policy supporting the streamlining of tax collection procedures. To the extent that *State* v. *New York, New Haven & Hartford R.R. Co.*, supra, is contrary to our ruling today, we are constrained to overrule it.

cases." *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* 167 Conn. 509, 512–13, 356 A.2d 144 (1975); *Arnold* v. *Middletown,* 39 Conn. 401, 405–406 (1872). We need not decide the propriety of such relief based on the allegations of the counterclaim, however, as we conclude that no claim of the type brought by the defendant may properly be made a counterclaim to an action under § 12-161 to collect taxes.

Practice Book § 168 provides that "[i]n any case in which the defendant has either in law or in equity or in both a counterclaim . . . against the plaintiff's demand, he may have the benefit of any such . . . counterclaim by pleading the same as such in his answer, and demanding judgment accordingly . . . ." The defendant's counterclaim for equitable relief from taxes assessed is governed by the principles enunciated in General Statutes § 12-119, as that statute is "declaratory of existing legal and equitable rights . . . ." *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 392, 126 A. 1 (1924); *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* supra, 512–13. General Statutes § 12-119 provides in part that "the pendency of such application [questioning the legality of a tax] shall *not* suspend action upon the tax against the applicant." (Emphasis added.) To allow a defendant in a collection action to attack the legality of the assessment by a counterclaim seeking injunctive relief would result in just such an interruption in the collection of the tax as is expressly barred in the codification of the taxpayer's equitable rights in § 12-119. While an action questioning the legality of a tax may be brought independent of a pending collection action if the time period within which the tax may be challenged has not expired,[5] the law does

---

[5] We note that when this counterclaim was filed on September 20, 1983, the one year limit provided in § 12-119 for a suit to challenge a tax assessment had expired as to all of the tax assessments referred to in the counterclaim, the last assessment having appeared on the list of October 1, 1980.

not permit such a claim to interfere with the orderly prosecution of the municipality's suit to collect the tax pursuant to § 12-161. "The object of that statute was to give a simple remedy for the collection of taxes by an ordinary action and to dispense with prolixity in pleading." *Waterbury* v. *Schmitz,* 58 Conn. 522, 526, 20 A. 606 (1890).

Thus the counterclaim filed by the defendant did not state facts upon which relief could be granted given the context in which it was filed, and the trial court did not err in striking it.

There is no error.

In this opinion the other judges concurred.