[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By an eight count complaint find in this court on July 10, 1990, the plaintiff Town of East Hartford instituted this action against the defendant Frank Wood, d/b/a Park Plaza West Apartments, for the collection of delinquent personal property taxes.
On October 10, 1990, the plaintiff filed a motion for summary judgment together with a memorandum of law and affidavits in support thereof.
The defendant has failed to file anything in opposition to plaintiff's motion for summary judgment. As required by Conn. Practice Bk. 379, the pleadings are closed as between the parties to the motion.
A court may appropriately grant a motion for summary judgment only when the documents submitted in support thereof demonstrate that there is no genuine issue of material fact remaining and that the moving party is entitled to judgment as a matter of law. Conn. Practice Bk. 384; Catz v. Rubenstein,201 Conn. 39, 48 (1986). The burden of demonstrating the propriety of summary adjudication is always on the moving party. Mingachos v. C.B.S., Inc., 196 Conn. 91, 111 (1985).
In the instant case, the plaintiff Town has submitted the affidavit of Richard Buchanan, Assessor of the Town of East Hartford attesting to the assessment of defendant's personal property, and the affidavit of Deborah Munson, Tax Collector of the Town of East Hartford, attesting to the amount of delinquent personal property taxes owed by the defendant. In its memorandum in support of its motion for summary judgment, the plaintiff Town maintains that the defendant may not challenge the assessment of value for the years involved in this action.
In Hartford v. Faith Center , Inc., 196 Conn. 487 , 491 (1985), the Connecticut Supreme Court determined that there was "no reason to allow a taxpayer who has failed to utilize the available statutory remedies to assert, in an action to collect a tax under General Statutes 12-161, that the tax has not been `properly assessed' (citations omitted)." Id. the court reasoned:
 While an action questioning the legality to a tax may be brought independent of a pending collection action if the time period within which the tax may be challenged has not CT Page 4369 expired, the law does not permit such a claim to interfere with the orderly prosecution of the municipality's suit to collect the tax pursuant to 12-161.
In the instant case, the defendant is barred from challenging the legality of the assessments and taxes in this collection action. See Conn. Gen. Stat. 12-119, 12-161; Hartford v. Faith Center, Inc., 196 Conn. 487 (1985). There is no remaining genuine issues of material fact and the plaintiff town is entitled to judgment as a matter of law. Accordingly, the plaintiff Town's motion for summary judgment is granted.
O'Connor, J.