[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). The party seeking summary judgment has the burden of showing the nonexistence of any material fact. Scinto v. Stamm, 224 Conn. 524,531, 620 A.2d 99 (1993). To satisfy this burden, the movant must make a showing "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." Nolan v. Barkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
"Once the moving party has presented evidence in support of CT Page 10405 the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some factual issue." (Citations omitted.) Scrapchansky v. Plainfield, 226 Conn. 446,450, 627 A.2d 1329 (1993). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Citations omitted.) Kakadelis v. DeFabritis, 191 Conn. 276, 280-81,464 A.2d 57 (1983).
In the present case, the defendant, John DiBeneditto denies that he was properly taxed. He submits the minutes of the meeting of the inland wetlands commission which attack the right of the plaintiff to collect its taxes by asserting that the plaintiff's assessment of the property was improper.
The plaintiff argues that the proper vehicle for challenging an assessment of property is through a tax appeal pursuant to General Statutes 12-118.
"It is not to the advantage of the State that those whom it seeks to tax should refuse to pay their taxes in order to test their validity . . . The more orderly course is compliance with the law by a payment, reserving the right to contest the validity of the required payment." (Citation omitted.) Hartford v. Faith Center Inc., 196 Conn. 487, 489-90, 498 A.2d 65 (1985). "because this reasoning applies with equal force to municipal taxes, the courts of this state have consistently held that, in collection actions . . . the validity of the tax may not be questioned." Id., 490; McCourt v. Anemostat Corporation, 25 Conn. Sup. 462,465 (Super Ct. 1965); West Haven v. Aimes, 4 Conn. Sup. 391, 392
(Super Ct. 1937); aff'd. 123 Conn. 543, 549, 196 A. 774 (1938).
 The claim that a property had been wrongfully or excessively assesses can be appealed in one of two ways: (1) to the board of tax review and from there, within two months, to the superior court pursuant to General Statute 12-111 and 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for the purposes of taxation pursuant to General Statute 12-119.
(Footnote omitted.) Norwich v. Lebanon, 193 Conn. 342, 346-48, CT Page 10406477 A.2d 115 (1984).
 Given that the statutory procedures provide a `convenient and effective opportunity' to procure `complete relief' from an illegal assessment we see no reason to allow a taxpayer who has failed to utilize the available statutory remedies to assert, in an action to collect a tax . . . that the tax has not been properly assessed.
(Internal quotation marks omitted; citations omitted.) Hartford v. Faith Center, Inc., supra, 491.
The defendant's claim of unlawful assessment raised in his answer and special defense should have been redressed through an appeal to the tax board under General Statutes 12-111 and12-118 or to the court under General Statutes 12-119, it should not be raised as a special defense. See Hartford v. Faith center, Inc., supra, 491. The defendant John DiBeneditto admits that he owns the subject real estate and that he has been assessed property taxes on the five aforementioned occasions. Accordingly, there are no material issues of fact and the plaintiff is entitled to judgment as a matter of law.
The motion for summary judgment is granted.
SYLVESTER, J.