[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, City of Stamford, commenced this action to foreclose certificates of tax lien by writ, summons and complaint made returnable January 5, 1993. Plaintiff seeks to foreclose tax liens on the property known as Vincent Island, Stamford, CT Page 10945 Connecticut, for taxes which became due and owning on the Grand List of October 1, 1976 and on the Grand List for each and every succeeding year. The defendant, Three Dees Corp. is the record owner of the property which is the subject of this foreclosure. On or about March 24, 1993 defendants, Three Dees Corp., Biase Daddona and Anthony Daddona were defaulted for failure to plead. On or about October 12, 1993, the defaults for failure to plead were reopened by the Court upon the motion of defendants. On or about October 22, 1993, the defendants, Three Dees Corp., Biase Daddona and Anthony M. Daddona Associates of Stamford, filed their answer, special defenses and counterclaims.
The plaintiff, City of Stamford, now moves to strike the defendants', Three Dees Corp., Biase Daddona and Anthony M. Daddona Associates of Stamford, special defenses and counterclaim. The plaintiff moves to strike the counterclaim for the reason that the claims set forth therein do not arise out of the transactions which are the subject of plaintiff's complaint to foreclose tax liens. The plaintiff moves to strike the special defenses for the reason that the special defenses pleaded are not recognized in Connecticut as defenses to a foreclosure action.
The first special defense asserts a claim that when the City of Stamford, rezoned the City in May, 1985, it limited the permissible uses of Vincent Island in such a way as to constitute a taking without due process of law. Paragraph 6 of the first special defense alleges that the effect of such rezoning was so pervasive and sweeping that it rendered the premises unusable for any purposes other than public open space. Paragraph 7 of the first special defense alleges that the actions of the plaintiff, City of Stamford, were arbitrary and unreasonable and constituted a taking of the defendant's property without due process of law in violation of the Constitution of the United States of America and the State of Connecticut.
The defendants' second special defense recites the same facts as the first special defense and alleges that the actions of the plaintiff were arbitrary and unreasonable and constituted a taking of defendant's property without just compensation.
The first count of the defendant's counterclaim alleges the same facts as the first special defense and seeks judgment dismissing the foreclosure action, damages and costs of suit. The second count of the defendant's counterclaim alleges the same facts as the second special defense and seeks judgment dismissing the CT Page 10946 foreclosure action, damage and costs of suit.
This court has repeatedly held that special defenses to foreclosure actions must address the making, validity or enforcement of the note or mortgage. See Town of Stratford v. Siciliano, 9 CTLR 507 (August 8, 1993, Leheny, J.). Although most of these cases involve foreclosures of mortgages, this reasoning was recently extended to a case involving a municipal tax lien. Id.
In the case at bar, the defendant's special defenses involve an alleged taking as a result of the town's rezoning. The defendant's special defense does not relate to the making, validity or enforcement of the tax lien itself. Additionally, the Supreme Court has held that a wrongful assessment claim is not a valid special defense to an action to collect taxes by a municipality. Id., 508; see also Hartford v. Faith Center, 196 Conn. 487, 492-93,493 A.2d 883 (1985).
Practice Book 116 provides that a defendant may file a counterclaim against a plaintiff if "each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." In determining whether claims in a complaint and a counterclaim are "one action," the court must consider whether a substantial duplication of effort would result if each claim is tried separately. See Wallingford v. Glen Valley Associates, 190 Conn. 158,161, 459 A.2d 525 (1983).
The counterclaim asserts that the city's rezoning constitutes a taking which violates the defendant's due process rights. The rezoning does not arise out of the same transaction or occurrence as the tax lien, and that substantial duplication would not result if these claims were not tried together. Accordingly, the court grants the motion to strike the defendant's counterclaims and special defenses.
HICKEY, J.