[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CLAUDE G. GRENIER'S SPECIAL DEFENSES AND COUNTERCLAIMS
The plaintiff has moved to strike the special defense and counterclaim filed by the defendant Claude G. Grenier in this action to foreclose upon several municipal tax liens. In the special defense and counterclaim Grenier claims that the payment of property taxes on 106 South Quaker Lane should have been "abated pending a new assessment after substantial water damage to the property." CT Page 2140
Under Connecticut law, a wrongful or excessive tax assessment may be appealed in one of two ways: 1) to the board of tax review with an appeal to the Superior Court pursuant to Connecticut General Statutes 12-111 and 12-118; or 2) by direct action to the Superior Court within one year from the date when the property was last evaluated for purposes of taxation pursuant to Connecticut General Statutes 12-119. See Hartford v. Faith Center, Inc.,196 Conn. 487, 490-491, 493 A.2d 887 (1985). The Connecticut Supreme Court has repeatedly insisted that a taxpayer wishing to contest the legality of its tax assessments must follow prescribed statutory procedures. Norwich v. Lebanon, 200 Conn. 697, 708-12,513 A.2d 77 (1986); Hartford v. Faith Center, Inc., 196 Conn. 487,490-92, 493 A.2d 883 (1985); National CSS, Inc. v. Stamford,195 Conn. 587, 597-98, 489 A.2d 1034 (1985).
Grenier has not brought the counterclaim pursuant to 12-118
or 12-119 and, therefore, the counterclaim fails to state a cause of action upon which relief can be granted. Since Grenier has not alleged that he has followed the statutorily prescribed procedures for attacking a tax assessment, the special defense does not allege a valid defense to an action to foreclose the tax liens. "By failing to contest the assessments of the parcel properly, the defendant has effectively waived his right to challenge them." Farmington v. Dowling, 26 Conn. App. 545, 549, 602 A.2d 1047
1992), cert. dismissed, 224 Conn. 592, 619 A.2d 852 (1993).
For the foregoing reasons, the Motion to Strike is granted.
By the Court,
Aurigemma, J.