[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a municipal property tax appeal concerning 8 parcels of land. The plaintiffs appealed the assessment on one parcel, 605 Main Street, Monroe, Connecticut to the Board of Tax Review. The parties agree that 12-118 of the General Statutes applies to the parcel. As to the other 7 parcels, the appeal is pursuant to12-119, which does not require an appeal to be first taken to the board of tax review, and permits a direct appeal to the Superior Court within one year from the date the property was last assessed for taxation. Hartford v. Faith Center, Inc., 196 Conn. 487, 491.
Section 12-119 applies where the assessment is both (1) manifestly excessive and (2) one which could not have been arrived at except by disregarding the statutory rules for valuation of property. Second Stone Ridge Cooperative Corporation v. City of Bridgeport, 220 Conn. 335, 341.
The defendants have filed a motion for summary judgment, claiming that they are entitled to judgment as a matter of law for the 7 assessment appeals based on 12-119 and for the parcel at 605 Main Street to the extent that the appeal as to it is under 12-119
rather than 12-118. They claim that all of the properties were properly evaluated by the town using either the comparable sales, capitalization of net income, or replacement cost less depreciation approach, either of which can be used for valuing rental property. Id., 342; 12-63b C.G.S. While a motion for summary judgment can CT Page 2971 be filed in a municipal property tax appeal since it is not within the exception in 379 of the Practice Book for administrative appeals [see 257(d) and 379] it is not properly granted in this situation for two reasons.
The appeal contains one count covering 8 properties and the defendants concede that there is a triable issue under 12-118 as to the valuation of the parcel at 605 Main Street. A summary judgment cannot be granted for a defendant as to only one part of one count of a complaint. Schofield v. Bic Corporation,3 Conn. L. Rptr. 229, 230, 6 Conn. Super. Ct. Rpts. 195 (1991); see also Telesco v. Telesco, 187 Conn. 715, 718, 719.
In addition, despite the affidavits filed in support of the motion, the defendants have failed to identify which assessment method was used for each property. General identification that the three methods were used in valuing rental properties, including the plaintiffs', and the legal conclusions that the valuation was in accordance with the provisions of the General Statutes for real property used primarily for rental income, is not sufficient. There is a genuine issue as to what valuation method was used, which is a prerequisite for deciding if the proper method was used, and if it was properly applied (allowing for discretion by the taxing authorities), resulting in a manifestly excessive assessment for the 7 properties. In order to be entitled to summary judgment the moving party must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364. What is a manifestly excessive assessment is not an exact science and defends upon the factual situation. Connecticut Coke Company v. City of New Haven, 169 Conn. 663, 666.
Finally, without concrete information as to which assessment method was applied for each property the plaintiff cannot effectively oppose the summary judgment by introducing countervailing evidence on one or more assessment methods for each of the 7 properties. Until this is done they are entitled at a minimum to a deferral of the summary judgment and a reasonable time thereafter to oppose the motion. See 382, Conn. Practice Book. However, for reasons previously stated summary judgment cannot be granted at this time.
The motion is denied.
ROBERT A. FULLER, JUDGE CT Page 2972