[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The City of Danbury (hereafter "City"), instituted this action against the defendants, Joseph Novella (hereafter "Novella") and Russell Dalessio (hereafter "Dalessio"), seeking to recover unpaid taxes on property owned by the defendants, known as Lot 12R, Regan Road, Danbury, Connecticut, for the tax years 1979 to 1992, inclusive.
On April 11, 1995, the defendants were defaulted for failure to file a responsive pleading, even though counsel had appeared for Dalessio. On June 30, 1995, in response to a motion by the City, Dalessio filed a disclosure of defense, stating that the City had improperly assessed the property as an approved building lot when it in fact was designated as open space pursuant to the City's own zoning department. Additionally, Dalessio asserted that the City had impliedly or expressly agreed to accept title to the premises by requiring the set aside of the lot as open space before it would approve the defendants' subdivision plan. On August 7, 1995, Dalessio filed an answer incorporating the special defenses listed above
Novella filed an answer on April 13, 1995, and an amended answer and special defense on July 3, 1995. Novella's special CT Page 3599 defenses were identical to those set forth by Dalessio. On September 11, 1995, the court (Moraghan, J.) granted, without opinion, the City's motion to strike Novella's special defenses. Thereafter, Dalessio withdrew his special defenses.
On November 27, 1995, the City filed a motion for summary judgment on the ground that no genuine issue of material fact exists as to the defendants' liability. The City argues that the defendants' claims of improper tax assessment are not properly before the court, as any such claim should have been made in the context of an appeal to the board of tax assessors. Since the defendants failed to take an appeal of the tax assessment, the City argues that they are now barred from asserting that position.
In response, Dalessio argues[1] that there exists a genuine issue of material fact as to whether the City properly assessed the subject premises. Dalessio argues that the City's own tax maps show the premises as being designated as open space.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202.
There does exist a genuine issue of material fact as to the propriety of the City's valuation of the subject premises. While it is true that the defendants ought to have appealed the tax assessment as improper, the fact remains that the City improperly assessed land which was designated as open space by its own CT Page 3600 regulations and which was so designated on its own tax maps. This prior constructive, if not actual knowledge by the City of the open space designation of the subject premises, renders this case factually distinguishable from City of Hartford v. Faith Center,Inc., 196 Conn. 487 (1985), on which the City relies.
Summary judgment is inappropriate in this case, as there indeed exists a genuine issue of material fact as to the propriety of the City's tax assessment of the defendants' property. The motion is, accordingly, denied.
Moraghan, J.