[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By way of a five count amended complaint, filed November 21, 1996, the plaintiff, First Union National Bank, seeks to foreclose on certain municipal tax liens against real property owned by the defendant, Kedan, Inc. ("Kedan").[1] The plaintiff purports to be the assignee of the subject tax liens, each of which were allegedly assigned to it by the City of Waterbury, pursuant to General Statutes § 12-195 (h).
On January 22, 1997, Kedan filed its answer and asserted four special defenses. Kedan's four special defenses assert that, based upon the City's refusal and failure to reassess the subject property: (1) the City violated Kedan's due process and equal protection rights under the state and federal constitutions; (2) the taxes which are the subject of the complaint were illegally assessed, in violation of the Connecticut General Statutes[2]; (3) the City inherently discriminated against Kedan by assessing business and commercial property owners disproportionately to that of residential property owners; and (4) the City denied Kedan a lawful basis to challenge and appeal the tax burdens, in violation of state tax laws.
On February 7, 1997, the plaintiff filed a motion to strike all the defendant's special defenses, claiming each is legally insufficient as a defense to a municipal tax foreclosure action. The defendant filed a memorandum in opposition to the plaintiff's motion on February 18, 1997. On February 24, 1997, the court heard arguments on this motion.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of . . . any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part CT Page 6380 thereof." (Internal quotation marks omitted.) Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991); Practice Book § 152. In ruling on a motion to strike a special defense, the trial court will take the facts to be those alleged in the special defense and will construe those defenses in a manner most favorable to sustaining their legal sufficiency.Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
The plaintiff argues that all four of Kedan's special defenses are legally insufficient in the following two respects. First, because they allege improper assessment which is not recognized as a proper defense in a tax foreclosure action and second, because the defenses fail to attack the making or validity of the underlying obligation. The plaintiff also sets forth an additional reason to strike the defendant's fourth special defense, to wit: that the Connecticut General Statutes do in fact provide a statutory scheme under which a taxpayer can challenge the tax burden on their property.
A claim of unlawful assessment of taxes cannot properly be raised in an action to collect those taxes. Hartford v. FaithCenter, Inc., 196 Conn. 487, 491-92, 493 A.2d 883 (1985);Farmington v. Dowling, 26 Conn. App. 545, 552, 602 A.2d 1047
(1992), appeal dismissed, 224 Conn. 592, 619 A.2d 852 (1993). In Voluntown v. Rytman, 21 Conn. App. 275, 283, 573 A.2d 336, cert. denied, 215 Conn. 818, 576 A.2d 548 (1990), the Appellate Court stated that an allegation of wrongful or excessive tax assessment was not a good defense to a foreclosure of tax liens. Following this reasoning, several Superior Court cases have stricken the special defense of unlawful tax assessment in tax lien foreclosure actions. See e.g., City of Stamford v.Daddona, Superior Court, judicial district of Stamford/Norwalk, Docket No. 127293 (November 4, 1994, Hickey, J.); Town ofStratford v. Siciliano, Superior Court, judicial district of Fairfield, Docket No. 296847 (August 5, 1993, Leheny, J.) (9 Conn. L. Rptr. 507); see also City of Bridgeport v. Res-CommInvestments, Superior Court, judicial district of Bridgeport, Docket No. 326360 (July 9, 1996, West, J.) (17 Conn. L. Rptr. 372) (summary judgment).
"The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, CT Page 6381 fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk, Docket No. 132582, (February 7, 1995, D'Andrea, J.); see also Dime Savings Bank ofN Y, FSB v. Furey, Superior Court, judicial district of Ansonia/Milford, Docket No. 047557 (April 1, 1996, Curran, J.);Mundaca Investment Corp. v. Atwood, Superior Court, judicial district of Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.); Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford/Norwalk Docket No. 135310 (February 17, 1995, D'Andrea, J.); Coolidge Connecticut Limitedv. 1200 Main Street Assn., Superior Court, judicial district of Fairfield, Docket No. 265384 (February 15, 1995, Hauser, J.).
Equitable defenses to foreclosure actions "have generally only been considered proper when they attach the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." Dime Savings Bank v. Albir,
supra, and cases cited therein. "The rationale behind this is that counterclaim and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Id. Although most of these cases involve foreclosures of mortgages, this reasoning extends to cases involving municipal tax liens. See City ofStamford v. Three Dees Corp., Superior Court, judicial district of Stamford/Norwalk, Docket No. 128951 (December 13, 1993, Hickey, J.), citing (Town of Stratford v. Siciliano, supra. Moreover, the valid defenses to the foreclosure of a municipal tax lien are narrower than the defenses available in a foreclosure of a mortgage. City of Stamford v. Fusaro, Superior Court, judicial district of Stamford/Norwalk, Docket No. 130120 (January 30, 1996, Hickey, J.) Town of Seymour v. A.W. BeardConstruction Corp., Superior Court, judicial district of Ansonia/Milford, Docket No. 037602 (November 15, 1995, Curran, J.).
In the present case, the factual allegations alleged in CT Page 6382 each special defenses are founded upon the defendant's claim that the City failed to and refused to reassess the subject property. Such claims do not relate to the making, validity or enforcement of the tax liens themselves. The defendant's special defenses are improper in this tax lien foreclosure action and are stricken.
The defendant's fourth special defense is legally insufficient for the additional reason pointed out by the plaintiff. Kedan's fourth special defense asserts that based upon the City's refusal and failure to reassess the subject property, the City denied Kedan a lawful basis to challenge and appeal the tax burdens, in violation of state tax laws. "The claim that the property had been wrongfully or excessively assessed, in fact, could have been appealed in one of two ways: (1) to the board of tax review and from there, to the Superior Court pursuant to [General Statutes §§] 12-111 and [12-117a]; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to [General Statutes §] 12-119." Voluntown v. Rytman,21 Conn. App. 283-84, quoting Norwich v. Lebanon, 193 Conn. 342, 346-48,477 A.2d 115 (1984). "Given that the statutory procedures provide a convenient and effective opportunity to procure complete relief from an illegal assessment . . . we see no reason to allow a taxpayer who has failed to utilize the available statutory remedies to assert, in an action to collect a tax. . . . that the tax has not been properly assessed."Hartford v. Faith Center, Inc., supra, 196 Conn. 491.[3] Voluntownv. Rytman, supra, 21 Conn. App. 283-84.
Therefore, for the reasons stated, all four of the defendant Kedan's special defenses are stricken.
KULAWIZ, J.