The plaintiff, Town of Cromwell, instituted this tax lien foreclosure action against the defendants, Arthur Alden and Joseph Perotti. The defendants filed an answer and three special defenses. By motion dated December 24, 1997, the plaintiff moved to strike the special defenses.
"Whenever any party wishes to contest the . . . legal sufficiency of any answer to any complaint, . . . including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(5). "[A] plaintiff can [move to strike] a special defense." Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978).
The first special defense alleged by the defendant Arthur Alden claims that the plaintiff's action is barred by lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process in that the publication did not state the nature of the action to be foreclosure of a tax lien as required by Connecticut Practice Book Section 201. The defendant previously asserted this claim in a motion to dismiss which was denied by the court, Stanley, J., on November 4, 1996. CT Page 9734
"Parties cannot be permitted to waste the time of courts by the repetition in new pleadings of claims which have been set up on the record and overruled at an earlier stage of the proceedings." Sheff v. O'Neil, 42 Conn. Sup. 172, 173,609 A.2d 1072, 6 CONN. L. RPTR. 141 (1992). "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance."S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 798, 631 A.2d 340 (1993). Accordingly, because the issue of jurisdiction over the person was previously ruled upon by Judge Stanley, the law of the case is decided. The motion to strike the first special defense is granted.
The second special defense asserted by Arthur Alden and Joseph Perotti alleges that the action is "invalid on the basis that it constitutes an improper de facto condemnation of the defendant's property without compensation in violation of the Connecticut and United States Constitution."
"Where the General Assembly has established complete, adequate and speedy statutory remedies for alleged tax irregularities, a taxpayer must exhaust them." Norwich Departmentof Public Utilities v. Lebanon, 200 Conn. 697, 709, 513 A.2d 77
(1986). "The valid defenses to the foreclosure of a municipal tax lien are narrower than the defenses available in a foreclosure of a mortgage." First Union National Bank v. Kedan, Inc., Superior Court, judicial district of Waterbury, Docket No. 34702 (June 5, 1997) (Kulawiz, J.). The unconstitutionality of a tax assessment is not a permitted special defense in a tax lien foreclosure action. Hartford v. Faith Center, Inc., 196 Conn. 487,493 A.2d 883 (1985). Accordingly, the motion to strike the second special defense is granted.
The third joint special defense asserted by defendants Alden and Perotti alleges that the Town of Cromwell improperly began assessing the taxes after negotiations between the parties failed. Again, "a claim of unlawful assessment of taxes cannot properly be raised in an action to collect those taxes."Voluntown v. Rytman, 21 Conn. App. 275, 283, 573 A.2d 336, cert. denied, 215 Conn. 818, 576 A.2d 548 (1990). Accordingly, the motion to strike the third special defense is granted. CT Page 9735
For the foregoing reasons, the plaintiff's motion to strike all three special defenses is hereby ordered granted.
ARENA, J.