[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Town of Coventry has brought this action to foreclose upon three parcels of real estate owned by the defendants for unpaid real estate taxes together with interest, fees and charges thereon (Counts First thorough Third).
In the Fourth Count the town seeks to recover unpaid personal property taxes on certain machinery and equipment owned by the defendants together with interest, fees and charges thereon.
The defendants, by way of answer, have admitted ownership of all three parcels of real estate and the personal property for the tax periods in question.
They have also raised three special defenses as follows:
 1. Failure to mitigate damages due to failure to negotiate in good faith.
 2. Temporary impossibility due to issuance of illegitimate cease and desist order.
 3. Lack of notice due to misdirected mailings of tax bill.
The First Count of the complaint alleges certain unpaid real estate taxes on property located on Goose Lane in Coventry.
The evidence establishes that the defendants have not paid real estate taxes due and owing on this parcel following the 1990 grand list. The taxes due and owing with statutory interest and lien fees total $36,367.14.
The Second Count of the complaint alleges certain unpaid real estate taxes on property located on North River Road in Coventry which is known as lot 7a-North River Road.
The evidence establishes that the defendants have not paid real estate taxes due and owing on this parcel since 1991. The taxes due and owing with statutory interest and lien fees total $6,277.75. CT Page 13286
The Third Count of the complaint alleges certain unpaid taxes on property also located on North River Road in Coventry which is known as lot 7-North River Road.
The evidence establishes that the defendants have not paid real estate taxes due and owing on this parcel since 1991. The taxes due and owing with statutory interest and lien fees total $5.468.63.
The Fourth Count of the complaint alleges certain unpaid taxes on personal property including motor vehicles, machinery and equipment owned by the defendants and located in the town of Coventry. The evidence establishes that the defendants have not paid personal property taxes due and owing since 1990. The personal property taxes due and owning with statutory interest and lien fees total $20,589.27.
The pro-se defendants do not deny they owe taxes but argue that the town of Coventry had made errors in relation to their taxes, and has refused to either correct the claimed errors or to negotiate in good faith in an attempt to come to an agreement. They have submitted what will be termed a "trial brief" outlining their position and claims. (Def. Ex. 4).
 Special Defenses
The defendants argue that the town has refused to negotiate an agreement with them to avoid the foreclosure action. (There is reference in their "trial brief" to settlement discussions).
As a rule, settlement discussions between the parties are not relevant at trial and therefore not admissible.
Simply, that is not a valid defense to a tax foreclosure. The Court is not aware of any cases that would sustain the defendants' contention that the town is obliged to reach a settlement with them as to payment of their outstanding taxes.
Similarly, as to the second special defense that the town wrongfully issued a cease and desist order barring the defendants from operating their sand and gravel operation on one of the parcels, that is not a valid defense to a tax foreclosure case as it does not arise from the making, validity or enforcement of the lien. CT Page 13287
If a property is wrongfully assessed, an owner can appeal through the appropriate channels, but should not wait until a collection action is brought while not paying taxes in the ensuing years. Town of Voluntown v. Rytman, 21 Conn. App. 275
(1990); Hartford v. Faith Center. Inc., 196 Conn. 487 (1985).
The defenses to a tax collection case are somewhat narrow and are generally those that go to the making, validity or enforcement of the lien itself such as payment, mistake or procedural defect. That the defendants may have had trouble in paying their taxes does not invalidate the lien.
The defense of lack of notice because a tax bill was misdirected does not invalidate the lien. This defense refers to a tax bill for personal property which was missent to the wrong address. The defendants were, however, able to appeal that assessment to the Board of Tax Review and the assessment was in fact reduced from $70,360 to $40,460. This reduction was applicable to the grand list of October 1, 1991. The defendants contend that this was a mistake and the assessment reduction should have applied to the 1990 list as well as the 1991 list. The appeal filed by them indicates they were appealing taxes on the list of 1991. They claim that was a mistake. The tax collector's office was not instructed to and it did not modify the assessment on the 1990 list.
The missent tax bill did not cause a detriment to the defendants. They were permitted to file a late appeal and received a reduction in assessment. Their claim that the town erroneously failed to reduce the 1990 list is not established. The assessment was reduced in accordance with the application.
Lastly, the defendants argue that they reached an agreement with the town in 1994 to pay the overdue taxes at the rate of $100 per month and they have been making a payment of $100 per month since. From the evidence the Court finds this was nothing more than a temporary arrangement until such time as the tax dispute could be settled. It was not intended to be a permanent payment plan. In fact, the arrearage is getting bigger because $100 per month is no. enough to reduce the debt. The tax collector told the defendants that $100 per month was not satisfactory for that reason. (The collector is applying that payment to the oldest tax debt).
For the foregoing reasons the Court finds the tax liens to be CT Page 13288 valid, denies the special defenses and orders the foreclosure sale.
The Clerk is directed to set this matter down for further hearing to enter judgment, and ascertain the sale date.
Klaczak, J.